Nov. Term, 1861.

GODFREY v. GODFREY.

---

### GODFREY *v.* GODFREY and Others.

As the Circuit Court is a court of general and unlimited jurisdiction, its authority to proceed in the trial of a cause need not affirmatively appear in the complaint; and hence in a petition for partition of lands, it need not be averred that the land lies in the county where the suit is brought.

An objection to a petition for partition, on account of the indefinite description of the land sought to be partitioned, can not be taken by demurrer, but must be taken by a motion to have the pleading made certain and definite.

The word "holding," as used in § 1 of our statute concerning the partition of lands, (2 R. S., p. 329.) does not require actual occupancy, but is equivalent to "owning," or "having title to" lands.

All questions of title and possession may, under the statute, be settled in a suit for the partition of lands.

*Monday, November 25.*

APPEAL from the *Miami* Circuit Court.

WORDEN, J.—This was a petition by the appellant against the appellees, for the partition of a certain tract of land. *Miller* demurred to the petition, and the demurrer having been sustained, the petitioner appeals.

The petition sets out, in substance, that by a treaty made *October* 23, 1826, between the *United States* and the *Miami* tribe of *Indians*, one section of land was granted to *Louison Godfrey*, a plat of which was filed and made a part of the

petition. From the plat filed, it appears that the land lies in township twenty-seven north, of range three east, but the particular section, or other definite description, does not appear. It is alleged that *Louison Godfrey*, in his lifetime, sold and conveyed three hundred and forty acres of the tract, leaving in himself three hundred acres in the north part of the section, of which he died seized. It is alleged that *Louison Godfrey* left children and grand children, to whom the three hundred acres descended, one of whom was the petitioner, *Shin-go-qua Godfrey*, and the others are made defendants. It is also alleged that *John W. Miller* and *Edward A. Godfrey*, (who are not heirs of *Louison*,) each claim and pretend to have a title to the three hundred acres, or some part thereof, but the nature of their claims and title, and the amount of their respective interest, the petitioner did not know; that the petitioner does not know whether *Miller* and *Edward A. Godfrey* have any interest in the lands, or not, but as she is informed that each of them pretend to have an interest and ownership therein, they are made defendants. That the petitioner is entitled to one-fifth of the land, by inheritance from her grand father, &c. Partition is prayed.

In support of the decision below, in sustaining *Miller's* demurrer, four objections are made to the petition, in the brief of his counsel:

1. "It does not show that the lands lie in *Miami* county; and therefore it does not appear that the Court had jurisdiction."

In the case of *Brownfield* v. *Weicht*, 9 Ind. 394, it was held that the Circuit Court, being one of general and unlimited jurisdiction, its authority to proceed in the trial of a cause need not affirmatively appear in the complaint. The objection for want of jurisdiction, if it exists, may be raised by answer, or at any subsequent stage of the proceedings. That case is decisive of the point here.

2. "The land is not sufficiently described."

There is, to be sure, no definite description of the land contained in the complaint, but the land sought to be partitioned is the north part of the section granted, by the treaty mentioned, to *Louison Godfrey; and cer:um est quod certum reddi potest.*

Nov. Term,  The treaty is a public law, and may be noticed by the Courts;
1861.       hence, if that sufficiently describes the land, perhaps further
GODFREY     particularity in the description would be unnecessary. We
v.          do not, however, decide that there is a sufficient description
GODFREY.    of the land, either directly, or by reference to the treaty.
But we think the uncertainty in description can not be taken
advantage of on demurrer. There are facts stated sufficient
to constitute a cause of action. Those facts are, that three
hundred acres in the north part of the section granted to
*Godfrey* by the treaty, descended to his heirs, of whom the
petitioner is one, and entitled to partition thereof. The
uncertainty in the description can not be regarded in the
same light as the omission of a fact necessary to be stated, in
order to constitute a cause of action. The uncertainty in
the description might have been obviated by a motion to
require the pleading to be made definite and certain, by
amendment. Code, § 90.

3. "The complaint only shows who are the owners of four-
fifths of the land, and does not aver that the petitioner does
not know who is the owner of the other fifth."

There is a little confusion in the statement of the respect-
ive shares of the children and grand children of the reservee;
and perhaps the shares, as set out, do not exhaust the whole
of the land. But the petition states that the land descended
to those children and grand children, and they are all made
parties. We can not perceive how *Miller*, who alone de-
murred, is interested as to the question of a proper division
between the descendants of the reservee. Those descend-
ants were made parties, and whether the petition set out the
supposed rights of each properly, or not, made no difference
to *Miller;* as a judgment in his favor would bind them, and
a judgment against him, would render it immaterial to him
how the land was partitioned among them.

4. "The petitioner can not have partition of the premises,
because *Miller* is in possession of the whole, claiming an
adverse title."

It is claimed that the petitioner can not have partition,
without having possession. The contrary was held, in the
case of *Foust* v. *Moorman*, 2 Ind. 17. The present statute

on the subject of partition, provides that "all persons holding
lands," &c., may have partition. We do not construe the
word "holding," thus used, as requiring actual occupancy,
but as equivalent to owning, or having title to lands, &c.

It does not appear from the complaint that *Miller* is in
possession, but simply that he claims title. But supposing
he were in possession, claiming adversely, the objection, we
think, would not be well taken. The statute provides, that
"Any person interested in such estate may appear and plead
any matter tending to show that the petitioner ought not to
have partition, as prayed for; and the further pleadings shall
be conducted as in actions at common law, until an issue in
law, or in fact, shall be joined, which shall be determined as in
other cases. If any person, not named in the petition, shall
appear and plead as a defendant, or allege any title to any
part of the premises, the petitioner may reply that such per-
son has no estate in the premises, and may pray judgment
if he shall be admitted to. object to the petition; and the
petitioner may likewise reply, in answer to such plea, any
other matter, in like manner as if he had not disputed such
person's right to appear." 2 R. S. 1852, p. 330, §§ 5, 7.

These provisions clearly contemplate that any person, not
made a party, may appear and set up title in himself to the
premises sought to be partitioned. (1) Where such title is
set up, and found against such person, no reason is perceived
why partition should not be made among those to whom
the land belongs, although such person may have been in
possession. Formerly, when proceedings for partition were
regarded as chancery proceedings, where the legal title was
disputed, the course was to send the plaintiff to law to have
that title established, before proceeding in chancery for par-
tition. *Foust* v. *Moorman, supra.* The distinction between
actions at law, and suits in equity, is abolished by the code.
Actions for partition are governed by the code. 2 R. S.
1852, p. 174. Courts now having jurisdiction in partition,
have the power of settling questions of title. *Wolcott* v.
*Wigton,* 7 Ind. 44. There seems to be no good reason why
all questions of title and possession, may not, under the
statute, be settled in the suit for partition. Perhaps the

Nov. Term, 1861.

parties would be entitled to a new trial, as provided for in other cases involving titles, without cause shown; but this point need not be decided, as it does not arise.

*Miller*, in this case, did not come and ask leave to make defense, but was made defendant to the petition originally, which was just as well. It is alleged that he claimed title, and the proceedings would bar him, unless he came in and set up his claim if he had any. Instead of demurring to the complaint, we think he should have set up his claim to the land, if he had any such claim.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*J. M. Wilson* and *W. Z. Stuart*, for the appellant.
*N. O. Ross* and *R. P. Effinger*, for the appellees.

(1) *Semble*, that one claiming the separate and entire ownership of lands, can not be made a defendant to a proceeding for the partition of the lands, instituted by others claiming as tenants in common. *Baker* v. *Riley et al.*, 16 Ind. 479.