## Mack et al. *v.* Mulcahy.

WILL.—*Construction of.— Widow.—Marriage.—Devise in Restraint of.—Executor.—Estoppel.*—Where a testator, after bequeathing to his wife his personal effects, etc., directed that the residue of his estate should be converted into money, empowering his executor to sell and convey, and, when the whole should be converted into money, gave the money to his executor in trust, to place the same at interest, and to pay the interest in semi-annual instalments, six hundred dollars annually, to his wife during her life, except that if his wife should remarry said payment should cease, and his property should be divided among his brothers and sisters; providing that the bequest to his wife should be .in lieu of her right as his widow, and, also, that if the annual rents and profits of his real estate in the opinion and discretion of his executor should exceed the interest at the rate of ten per cent. per annum of the moneys which might be realized from a sale of the real estate, then the real estate should not be sold during the life of his widow, and while she remained his widow, unless

Mack *et al. v.* Mulcahy.

by her direction and consent; though if she married again, her consent should not be required, and the sale should in such case remain a matter in the discretion of the executor; and, also, that if from the rents of real estate and investments made said annuity could not be produced, the deficiency should be paid out of the principal, so that she be secured a sufficient support, not to exceed six hundred dollars annually, but not to be drawn or received by her in case she again married; and, also, that at the death of the widow the residuary estate be distributed to parties named; and the widow accepted the provisions of said will, and received the annuity therein provided for two years, and subsequently married again, and the interest on investments made by the executor and the rents from real estate yielded an annual income of seven hundred dollars;

*Held*, that it was not necessary to convert the entire real estate into money, but the annuity was to be paid the widow from rents of real estate and interest on investments, and if not realized therefrom, the deficiency was to be made up from the principal of the estate.

*Held*, also, that when funds had been invested so as to produce six hundred dollars, the executor could not sell the real estate unless required by the widow.

*Held*, also, that when a fund was created producing six hundred dollars annually, the widow was entitled to demand and receive her annuity, and the executor having paid the annuity for two years could not afterward deny such right of the widow.

*Held*, also, that though the title of the real estate was by the will vested in the executor, to raise a fund to pay the annuity to the widow, the condition imposed on the widow, that in case she married the bequest was null, and the payment of the annuity forbidden, was in restraint of marriage and void, and the bequest must be upheld.

*Held*, also, that the bequest in favor of the widow vested as soon as the rents and interest amounted to six hundred dollars annually, and as she was at that time a widow, the condition of forfeiture was subsequent.

From the St. Joseph Circuit Court.

*W. G. George* and *A. Anderson,* for appellants.

*L. Hubbard,* for appellée.

Buskirk, J.—The sufficiency of the complaint is the only question presented for our decision, the solution of which depends upon the construction to be placed upon the will of John M. Stover, deceased.

The first item provides for the payment of the debts and funeral expenses of the testator.

The second item bequeaths to his wife all his personal effects, except his watch, which is given to his father.

The residue of his will is as follows:

"Third. All the rest, residue, and remainder of my estate, real, personal, and mixed, whatsoever and wheresoever, I order and direct to be converted into money, as soon as the same can conveniently be done after my decease; and for that purpose I do hereby authorize and empower my said executor or executors hereinafter named, and the survivor of them, to sell and dispose of all my said real estate, either by public or private sale or sales, as they or he may deem best, without the intervention of any order or authority of any court, for the best price or prices that can be gotten for the same, and by proper deed or deeds, conveyances or assurances in the law, to be duly executed, acknowledged, and perfected, to grant, convey, and assure the same to the purchaser or purchasers thereof in fee simple; and when the whole of my said estate shall be converted into money as aforesaid, then I will and direct that the same shall be disposed of as follows, to wit: I give, devise, and bequeath the said money to my executor or executors hereinafter named, and the survivor of them, and to their successor or successors in trust, that they or he do and shall put and place the same out at interest on good real securities, which interest shall be paid semi-annually, and pay over of the interest thereof from time to time, semi-annually, when and as the same shall be got in and received, the sum of six hundred dollars in the aggregate per year to my beloved wife, Sarah Stover, during all the term of her natural life, excepting only as follows: Said payments shall cease if she remarry after my death; and in such case of her marriage after my decease, the division of the property shall be made by my executor or executors, as soon as convenient, as hereinafter stated, among my brothers and children of my wife, as hereinafter named; which is to be in lieu of her dower at common law, and of her statutory right as my widow, under the provisions of the law of the State of Indiana in force at the time of my decease. But I also direct that if the annual rents and profits of my real estate, held by me at the time of my

decease, will, in the opinion and discretion of my executor or executors, exceed the interest at the rate of ten per cent. per annum of the moneys that might be realized from the sale of the same, then in that case the real estate shall not, during the natural life of my said wife, and whilst she remains my widow, be by my said executor or executors sold, unless by the direction and consent of my said wife, excepting that in case of the marriage of my said wife, the consent of, herself or her husband shall not be requisite to a sale of said property, but the same shall be and remain a matter of discretion on the part of my executor or executors, or the survivors of them.

" And I do also direct, that if from the rents and profits of said real estate, and from the interest of other investments made by myself, or to be made by my executor or executors, the sum of six hundred dollars annually cannot be procured for the support of my said wife, then, and in such case, my said executor or executors may, and are hereby authorized, out of the principal of my estate, from time to time, to pay to my said wife the deficiency, so that she shall and will be secured a sufficient support, but not to exceed the sum of six hundred dollars annually, and not to be drawn or received by her in case she again marries. And from and immediately after the death of my said wife, Sarah Stover, I give, devise, and bequeath the principal of my residuary estate, with all accumulated interest, to be equally divided, share and share alike, between my brothers, George H. Stover, William C. Stover, and Frank P. Stover ; and my wife's five children, Horace G. VanPuyl, Ella Burdsell, formerly VanPuyl, Sallie H. VanPuyl, Mattie VanPuyl, and Mary C. VanPuyl.

" Fourth. I nominate, constitute, and appoint my friends William Mack and George W. Matthews, of the said city of South Bend, Indiana, executors of this my last will and testament, hereby revoking all former wills by me at any time heretofore made, and do declare these present only to be and contain my last will and testament.

"In witness whereof, I, John M. Stover, the testator, have, to this my will, set my hand and seal, this 29th day of October, A. D. 1869.            JOHN M. STOVER."

The complaint alleged the execution of the above will, the death of the testator, the probate of the will, and the acceptance and qualification of William Mack as executor of said will; that the said Sarah J. Stover accepted of the provisions of said will in her favor, and had received the annuity therein provided for more than two years; that the .said testator left'an estate worth fifteen thousand dollars, which had come into the hands of said executor and was well invested, which, together with the rents derived from the real estate of which said testator died seized, yielded an income annually of seven hundred dollars; that said executor then had in his hands a sum sufficient to pay her semi-annual payment, as provided by said will; that subsequent to the death of said testator, the said Sarah Stover, the former wife and widow of the said testator, had intermarried with Michael Mulcahy, who had continued to be and then was her husband; that subsequent to her said marriage the said executor claimed that by her said marriage she had forfeited all rights secured to her by the said will, and had for that reason refused to pay her a semi-annual payment which was due her under and by virtue of said will, and threatened to distribute the said estate to the residuary devisees and legatees named in the said will. The prayer of the complaint was, that so much of said will as provided that the payment of the annuity to her should cease and terminate upon her marriage should be decreed to be in restraint of marriage, and void; that the said executor should be perpetually enjoined, during her natural life, from distributing such estate to the residuary devisees and legatees; and that such executor be ordered and required to pay over to her the said sum of six hundred dollars, as provided by the said will.

A demurrer on behalf of the executor and residuary devisees and legatees was filed to the complaint and overruled, to which an exception was taken.

An issue formed by the general denial was submitted to the court for trial, and resulted in a finding and judgment for the appellee.

The error assigned is based upon the overruling of the demurrer to the complaint.

We have not been aided by a brief of counsel for appellee, but the counsel for appellants has submitted a very able and elaborate brief, in which two positions are assumed and strenuously contended for, and they are, first, that the complaint does not show that the widow had ever become entitled to the payment of the annuity provided by said will; and, second, that if such right ever existed it had terminated upon her marriage.

The argument made in support of the first proposition is, that the sum of six hundred dollars was to be paid to the widow only when the whole of the estate of the testator was converted into money, and that it appeared from the complaint that such had not been done. The argument is based upon the third clause in the will. In placing a construction upon the will in question, we are required to examine every part of it, and to so construe it as to carry into effect the plain and obvious purpose of the testator. It is manifest from the whole instrument, that the main purpose of the testator was to provide an annuity of six hundred dollars for his widow. It is true that he provides in the third clause that his entire estate should be converted into money, and when it was so converted, that it should be put at interest upon real securities, and that the interest derived from such loans, to the amount of six hundred dollars, should be paid semi-annually to his widow; but in a subsequent part of the will he directs that if the annual income of his real estate exceeds ten per cent. of the money for which it could be sold, the same shall not be sold except by the direction of his widow. The testator further provides, that if from the rents of his real estate, and from the interest of investments by him made, or which may be made by his executors, the sum of six hundred dollars annually cannot be provided for the

support of his wife, then, and in such case, his executors are authorized, out of the principal of his estate, from time to time, to pay to his wife the deficiency, so that she shall and will be secured a sufficient support, but not to exceed the sum of six hundred dollars annually.

In our opinion, these provisions dispensed with the necessity of converting the entire estate of the testator into money, and in effect provided that her annuity should be paid from the rents of his real estate, and the interest derived from investments made, and to be made, and that if a sufficient sum could not be realized from these sources, then the deficiency was to be made up from the principal of his estate.

The complaint alleges that the funds of the estate had been invested by the executor to an amount sufficient to produce seven hundred dollars annually. This result having been accomplished, the executor possessed no power under the will to sell the real estate, unless required so to do by the widow, and it does not appear that she required its sale.

It is insisted by counsel for appellant, that the will does not vest any estate in the executors, but gives them a naked power to sell. We do not regard this question as of any importance in the present case, and decide nothing in reference thereto. Full and ample power is vested in the executors, by the sale of real estate, the rents received therefor, and interest derived from investments made, and to be made, to create a fund which will yield an annual income of six hundred dollars, and when this is done they are required to pay the same to the widow of the testator.

The estate is held in trust by the executors, charged with the duty and invested with the power to execute the trusts created thereby; and this, in our opinion, gives them the power to rent the real estate, and receive the rents and apply the money as directed by the will. The direction to apply the rents and profits of the real estate to the payment of the annuity to the widow, taken in connection with the other provisions of the will, necessarily confers the power to col-

lect the rents. In our opinion, the widow was entitled to demand and receive her annuity whenever a fund was created which would produce six hundred dollars annually. The executor, having paid the annuity for two years, is in no condition now to say that the widow was never entitled to demand and receive the provisions created for her in the will.

We proceed to inquire whether the widow by her subsequent marriage forfeited her right to the annuity. We have the following statutory provision bearing upon the question: "A devise or bequest to a wife with a condition in restraint of marriage shall stand, but the condition shall be void." 2 G. & H. 552, sec. 2.

This leads us to inquire, what are conditions in restraint of marriage? A recent elementary writer uses the following language: " It has been already remarked that marriage ought to be free, and that the law does not countenance such restrictions as unreasonably deter persons from forming that relation.. Therefore a devise, upon condition not to marry, or not to marry a person of such a profession or calling, is void, whether there be a limitation over or not. But while the law will annul such conditions as impose an improper restraint upon marriage, it will uphold such as are reasonable and have a tendency to guard the inexperience and ardor of youth from being beguiled by the arts of the subtle and corrupt who would betray them." Willard Eq. Jur. 525.

The condition imposed upon the bequest in the present case was, that his widow should not marry subsequent to his death, and in case she married the bequest was annulled, and the payment of the annuity was forbidden. The condition imposed was clearly and obviously in restraint of marriage, as it absolutely prohibited any subsequent marriage. It necessarily and unavoidably results, that if the above quoted section of the statute relating to wills is applicable to the present case, we must uphold the bequest, and hold the condition to be void.

It is, however, earnestly insisted by counsel for appellants,

that such statute has no application to the present case. Several reasons are assigned in support of this position.

It is, in the first place, argued, that the statute does not apply to the bequest under examination, because the bequest is not to the wife, but to the trustees ; that the title to the property granted is vested in them, and not in the widow.

In our opinion, this argument is unsound. There is no devise of the real estate to the widow, nor is there a bequest of the personalty ; but the title to both is vested in the executors, who hold the same charged with the trust created by the will. While there is no devise or bequest of the real or personal property, there is a bequest to the wife of a sum of money which is to be derived from the rents of the realty, and the interest resulting from the loans made by the testator or his executors. The bequest is not of the property itself, but of its proceeds or income. We think the bequest comes clearly within both the letter and spirit of our statute, and must be governed by it.

It is, in the second place, contended, that the statute does not apply to the present case, because the estate was not vested at the happening of the event which worked a forfeiture of the bequest. We have already reached the conclusion that the widow was entitled to demand and receive her annuity prior to her subsequent marriage, and we have already seen that she had, in fact, been paid her annuity for two years preceding her marriage.

It is attempted to be maintained, in the third place, that the condition imposed was a condition precedent, and not subsequent. The argument is, that the widow was to receive every six months the sum of three hundred dollars, on the condition precedent that she remained a widow. We are unable to appreciate the force of the argument. The bequest vested as soon as the rents and interest amounted to six hundred dollars annually, and when this event occurred she was a widow. There seems to be no room to doubt that the condition was subsequent. The distinction between con-

ditions precedent and subsequent was fully considered in the recent case of *Lindsey* v. *Lindsey*, 45 Ind. 552.

In our opinion, the complaint was good, and entitled the appellee to the relief demanded and granted.

The judgment is affirmed, with costs.