## HARMON ET AL. *v.* BROWN ET UX.

WILL.—*Devise During Widowhood.*—*Condition in Restraint of Marriage.*—*Limitation.*—*Statute Construed.*—*Case Overruled.*—A testator, by his will, devised to his widow, "during her widowhood," all of his real estate, with a provision that when she ceased to be his widow, and his youngest children had come of age, all of his real estate should be divided equally among all his heirs. After his death, the widow having remarried, his heirs brought an action against her and her husband, to partition such real estate, alleging such remarriage, that the testator's children had all

arrived at full age, that the widow was claiming some interest in the realty, and that she had taken under the will.

*Held,* on demurrer, that, by the will, she took an estate in the lands during her widowhood only, and that it terminated with her remarriage.

*Held,* also, that the words "during her widowhood," as used in the will, were words of limitation, and not of "condition," within the meaning of section 2 of the statute of wills, 2 R. S. 1877, p. 571. *Spurgeon* v. *Scheible,* 43 Ind. 216, overruled so far as it conflicts with this decision.

SAME.—*Condition in Restraint of Marriage.*—A devise by a testator, to his widow, of any estate, upon condition that she shall not remarry, is valid, but the condition is void.

From the Washington Circuit Court.

*S. B. Voyles,* for appellants.

*A. B. Collins,* for appellees.

WORDEN, J.—This was an action by the appellants, heirs at law of Cutliff Harmon, deceased, against the appellees, William Brown and his wife, Penina Brown, the latter of whom was the widow of the deceased, having intermarried now with said William Brown, to obtain partition of certain lands of which the deceased died seized in fee.

Brown and his wife demurred to the complaint for want of sufficient facts, and the demurrer was sustained, and the plaintiffs excepted. Judgment for the defendants.

The facts stated in the complaint are, in substance, that Cutliff Harmon died in 1868, in Washington county, Ind., seized in fee of the land in controversy; that he left a will, which, after his death, was duly proved, so much of which as is necessary to an understanding of the question involved is as follows:

"As touching such worldly estate wherewith it hath pleased God to bless me in this life, I give and dispose of the same in the following manner and form:

First, I give and bequeath unto my beloved wife, Penina, during her widowhood, all my real and personal estate, to be held and freely possessed and enjoyed during her widowhood.

"In case of the death of my wife before all my children be of age, then, and in that case, I direct that the proceeds of all my real estate go to the support and maintenance of my minor children."

After stating what had been received by some of the children, the will proceeds:

"I direct that my younger children, not named in this will, as they come of age or marry, my wife may set them off as we have the older children."

The will nominates the widow as executrix, and provides, that, "In case of her death, I order that all my personal estate be sold on twelve months' credit, and when the money is collected, to be divided amongst all my children, so as to make them all equal. I also order that when my beloved wife, Penina, ceases to be my widow, and my youngest children come of age, all my real estate be divided equally among all my heirs."

The complaint further alleges, that the widow elected to take under the will, in pursuance of which she occupied and enjoyed the land until her intermarriage with said William S. Brown in July, 1877; that the children of the testator are all of age, and the alleged interest of each of the heirs is set out. It is also alleged, that the defendant Penina Brown claims some unfounded interest in the land, and asserts some pretended title thereto; hence she and her husband are made parties.

We see no objection to the complaint, unless it be that by the terms of the will the widow has an estate for life or in fee in the lands.

But we are of opinion, that the estate vested in her by the will terminated when she married, and thereby ceased to be the widow of the testator.

The property was devised to her only "during her widowhood," and it was to be possessed and enjoyed by her only "during her widowhood." And then it was provided

in the will, that when she ceased to be the testator's widow, and his youngest children came of age, the property was to be divided equally among all the testator's heirs.

We have a statute which provides, that "A devise or bequest to a wife with a condition in restraint of marriage shall stand, but the condition shall be void." 2 R. S. 1876, p. 571.

The words employed by the testator, however, in defining the quantity of estate to be taken by the widow, are words of limitation and not of condition. The estate was limited to her during her widowhood. No greater estate was devised to her. The estate thus devised to her was not attempted by the will to be cut down by any condition whatever.

Chancellor Kent has very clearly drawn the distinction between words of limitation and words of condition. He says: "Words of limitation mark the period which is to determine the estate; but words of condition render the estate liable to be defeated in the intermediate time, if the event expressed in the condition arises before the determination of the estate, or completion of the period described by the limitation. The one specifies the utmost time of continuance, and the other marks some event, which, if it takes place in the course of that time, will defeat the estate." 4 Kent Com. 126.

Doubtless, if the testator had devised to his widow an estate for life, or in fee, dependent upon the condition that she should not marry, the devise would have been good and the condition void; but such is not the case here. Here, as has been already said, the estate was limited to her during her widowhood. A man may devise property to his widow during her widowhood. He is not obliged to devise to her a larger estate, as for life or in fee, in order to accomplish that purpose. But if he desires to devise a larger estate, as for life or in fee, and so expresses himself in his will, but makes it dependent upon

the condition that she should not marry, the condition will be regarded as *in terrorem* and void. Such condition will not cut down an estate to a period less than that to which it is limited.

The following authorities, cited by counsel for appellants, are in point upon the main question involved: *Pringle* v. *Dunkley,* 14 Sm. & M. 16; *Hawkins* v. *Skeggs,* 10 Humph. 31; *Bennett* v. *Robinson,* 10 Watts, 348; *Vance* v. *Campbell's Heirs,* 1 Dana, 230.

The conclusion at which we have arrived is not in conflict, but in entire harmony, with the case of *Mack* v. *Mulcahy,* 47 Ind. 68. In that case, provision was made by the will of the testator for the payment to his widow of the sum of six hundred dollars annually, " during all the term of her natural life," but such payments were to cease if the widow remarried after the testator's death.

It was held, that the widow did not, by her subsequent marriage, forfeit her right to the annuity. The provision having been made for the payment to her " during all the term of her natural life," the condition in restraint of marriage could not cut down or take away the right thus given her.

The judgment below is reversed, at the costs of the appellees, Brown and Brown, and the cause remanded, with instructions to the court below to overrule their demurrer to the complaint, and for further proceedings.

### On petition for a rehearing.

In this case a petition for a rehearing has been filed, in which it is insisted, that, by the will of Cutliff Harmon, his widow, now Mrs. Brown, took the fee in the lands devised to her, and that the estate thus devised to her can not be cut down by a condition in restraint of marriage. On this point we desire to add but little to what was said in the original opinion in the cause. The case of *Spurgeon* v. *Scheible,* 43 Ind. 216, has been cited as

being in conflict with the conclusion arrived at in this case. The language of the will in that case, so far as it affects the question involved, was, after directing the investment of some money in lands for the benefit of the testator's heirs, as follows : " I also direct that the whole of my real and personal estate, except as hereinbefore mentioned, shall be and remain the absolute property of my beloved wife, so long as she remains my widow, and that she shall have entire control of the same as she may seem proper; and if, provided she shall marry, then I direct that an administration shall be had upon all my estate, except as beforesaid, and that the same shall be distributed according to law." It was held that the widow took the fee.

In the case now under consideration, there is nothing in the will whatever that indicates an intention or purpose on the part of the testator to give his wife any thing more, in any event, than an estate during her widowhood; and were we to hold otherwise, we should be making a will for the testator which he himself never made. And we can not see that the will in the case in 43 Ind. differs materially from that in the present case, and we are of opinion, that, in respect to this point, that case must be overruled.

It is also urged that the complaint was bad, because the land was in the adverse possession of Mrs. Brown. This was no objection to the proceedings for partition. *Godfrey* v. *Godfrey*, 17 Ind. 6.

Again it is objected, that if Mrs. Brown was only entitled to an estate during her widowhood, under the first clause of the will, still she was entitled to a share, as heir to her husband, under the latter clause. Without determining this question, which is not before us, we may say, that if she is thus entitled, she being made a party, she may set up her claim, and have it passed upon in the partition proceedings. *Godfrey* v. *Godfrey*, *supra*.

The petition for a rehearing is overruled.