Tate, Executrix, *v.* McLain *et al.*

No. 9614.

TATE, EXECUTRIX, *v.* McLAIN ET AL.

WILL.—*Construction of.—Devise During Widowhood.— Life-Estate.—Power of Widow as Executrix to Sell Real Estate for Support of Children.—De-cedents' Estates.*—A testator devised to his widow the residue of his estate after the payment of debts, "to have and hold and use as her own for the benefit of herself and family, so long as she remains my widow," and in case she should marry again, "then it is my will that she should only take what the law provides for widows of men who die intestate, and that the residue be divided among my children, according to law." The will also provided that if the widow remained unmarried until her death, then all the residue of his estate should be sold at public sale, and the proceeds equally divided among his children, taking into con-sideration advancements made by him, or which his widow might make, to any of the children.

*Held,* that the property was devised to the widow only so long as she should remain the testator's widow, and that, if she took under the will, she would take but a life-estate in the real estate, in case she should remain unmarried.

*Held,* also, that such widow, as executrix of the will, could not convert the real estate, or any part thereof, into money, for the support of her-self and children, or for the payment of debts contracted by her for such support.

From the Jennings Circuit Court.

*W. B. Hagins* and *J. N. Hagins,* for appellant.

*A. G. Smith,* for appellees.

WORDEN, J.—James Tate, deceased, left a will, the sub-stantial parts of which were as follows:

"1st. I will that after my death all my just debts and funeral expenses be paid out of any moneys that may come into the hands of my executor.

"2d. I will and bequeath to my beloved wife, Minerva Tate, all the residue of my estate, both real and personal property of every description, to have and hold and use as her own, for the benefit of herself and family, so long as she remains my widow.

"3d. In case my widow shall marry again, then it is my will that she should only take what the law provides for

widows of men who die intestate, and that the residue be divided among my children, according to law.

"4th. If my wife remains my widow until her death, then it is my will that all the residue of my estate, including all my real estate, shall be sold at public sale, and the proceeds be equally divided among my children, taking into account all the advancements which have been made to a part of my children heretofore, and any advancements which my wife may make to any of my children, so that all may be made equal in the end and final distribution, if possible."

This action was brought by the appellant as executrix of the deceased, she being his widow, against his heirs, for the purpose of obtaining a construction of the will.

It appears from the complaint that after paying debts, funeral expenses, etc., only about $150 remained of the personal property; but there was a quantity of real estate, much of which was unproductive. That the deceased died leaving six children, too small to aid in their own maintenance; and that the plaintiff, being unable to maintain herself and the said children out of the products of the real estate, has, since the death of the testator, contracted debts for the maintenance of herself and the said children, to the amount of $1,350. That the plaintiff has not as yet made her election whether to take under the will or under the law, and that a construction of the will is necessary in order to enable her to make her election advisedly. Two questions seem to be propounded by the complaint, as follows:

1st. If the plaintiff should elect to take under the will, will she take a fee in the real estate, or only a life-estate?

2d. Can the plaintiff, as executrix, either with or without an order of the court, subject any of the real estate to sale for the payment of the debts contracted by her for the support of herself and the children above mentioned, since the death of the testator?

The court below decided, as we understand the record,

that, if the plaintiff should elect to take under the will, she would take but a life-estate in the real estate of the testator, in case she should remain unmarried.

The court also decided that the plaintiff could not, as such executrix, convert the real estate, or any part of it, into money for the support of herself and the children mentioned, or for the payment of debts contracted by her for such support.

The decision upon both points was plainly right. The property was devised to the plaintiff only so long as she should remain the testator's widow. This could vest in her only an estate during her widowhood, and could not extend beyond the period of her life. *Harmon* v. *Brown*, 58 Ind. 207 ; *Stilwell* v. *Knapper*, 69 Ind. 558, 569.

Upon the other point, it may be observed that the plaintiff may have a just claim against the children mentioned, for the amount expended in their support, but, if so, she can not as such executrix convert their land into money for the payment of the same. A guardian of the children could perhaps procure an order for the sale of their property to pay their debts.

The judgment below is affirmed, with costs.