Wood *et al. v.* Beasley *et al.*

No. 12,626.

WOOD ET AL. *v.* BEASLEY ET AL.

WILL.—*Devise to Wife During Widowhood, and then to Heirs of Testator.*— Where a testator devises real estate to his wife so long as she remains his widow, after which it is to be equally divided among his heirs, the widow's estate ceases at her marriage, and she can not claim as an heir on its termination.

From the Sullivan Circuit Court.

*J. C. Briggs* and *W. C. Hultz*, for appellants.

*J. T. Beasley, A. B. Williams, J. T. Hays* and *H. J. Hays*, for appellees.

ELLIOTT, J.—The question presented by the ruling on the demurrer addressed by the appellees to the second paragraph of the appellant's cross complaint, is as to the proper construction of the following clause of the will of John Foxworthy, deceased : "I give and devise to my beloved wife, Mary E. Foxworthy, the farm on which we now live, in Sullivan county, Indiana, to have and to hold so long as she remains my widow, after which said real estate shall be equally divided among my heirs." We regard the construction put upon the will by the trial court as correct, for it seems to us that the will limits the estate of the appellant to the term of her widowhood. It is now settled law that a husband may by limitation restrict the estate of his surviving wife so that it shall terminate when she marries. *Hibbits* v. *Jack*, 97 Ind. 570 (49 Am. R. 478); *O'Harrow* v. *Whitney*, 85 Ind. 140; *Tate* v. *McLain*, 74 Ind. 493; *Brown* v. *Harmon*, 73 Ind. 412; *Stilwell* v. *Knapper*, 69 Ind. 558 (35 Am. R. 240); *Coon* v. *Bean*, 69 Ind. 474; *Harmon* v. *Brown*, 58 Ind. 207.

It is contended by appellant's counsel that the word "heirs" controls the will so far as to carry to the widow an estate in fee upon the termination of her widowhood. We think otherwise. Our construction of the will is that the testator intended to devise his wife the limited estate specifically described, and nothing more. It would be a strained and un-

natural construction that should make the will class with the heirs one who is expressly and clearly designated as the widow, and to whom a restricted estate is specifically devised. The word "heirs" may be, and often is, controlled by the words with which it is associated, and it is so here. *Ridgeway* v. *Lanphear*, 99 Ind. 251; *Shimer* v. *Mann*, 99 Ind. 190 (50 Am. R. 82); *Fountain Co., etc., Co.* v. *Beckleheimer*, 102 Ind. 76 (52 Am. R. 645); *Hadlock* v. *Gray*, 104 Ind. 596.

The question was presented in all material respects in *Brown* v. *Harmon*, 73 Ind. 412, as it is here, and it was there held, as we now hold, that a widow, to whom such a limited estate as that created by the will before us is devised, can not claim as an heir upon its termination.

The third paragraph of the cross complaint is founded upon an antenuptial contract and a deed executed pursuant to it. The appellees, after having unsuccessfully demurred to this paragraph, answered, and to that answer a demurrer was overruled, and on that ruling error is now assigned. Counsel for appellant say: "This paragraph of the cross complaint was drawn upon the theory that the antenuptial contract and conveyance were valid, and that the deed conveyed a life-estate to the widow; but upon more mature deliberation we are of opinion that the contract and deed were absolutely void." Upon this concession the cross complaint is utterly bad, for, unless the contract on which it was founded is valid, it is entirely without foundation. As the appellant's counsel concede that the cross complaint is without foundation, it is unnecessary to pass upon the sufficiency of the answer, as a bad answer is good enough for a bad cross complaint.

Judgment affirmed.

Filed June 3, 1886.