Filed March 8, 1888.

---

No. 13,080.

## BESHORE v. LYTLE.

WILL.—*Trust.*—*Partial Intestacy.*—*Descent.*—*Relinquishment.*— A will provided that the testator's wife should " have the sole control, use and benefit " of his estate, for the support and maintenance of herself and their child, so long as she remained the testator's widow. There was no further disposition of the property. The widow accepted the provisions of the will, but subsequently remarried.

*Held*, that the will conferred upon the widow no separate or individual estate in the property, but created a trust to continue during her widowhood only.

*Held*, also, that as the will made no disposition of the property beyond the creation of a trust for a limited time, what remained at the expiration of the trust descends under the law governing the estates of persons dying intestate.

*Held*, also, that as the widow's acceptance of the terms of the will was not inconsistent with her contingent estate under the law, it did not operate as a relinquishment of her interest, and she and the child take equally, under section 2486, R. S. 1881.

From the Grant Circuit Court.

Beshore *v.* Lytle.

*J. L. Custer* and *H. J. Paulus*, for appellant.

*A. Steele, R. T. St. John, I. Van Devanter, H. Brownlee* and *W. H. Carroll*, for appellee.

NIBLACK, J.—On the 21st day of February, 1877, Jacob W. Beshore, late of the county of Grant, in this State, was, in addition to other property, the owner of the north halves of lots Nos. one (1) and two (2) in block fourteen (14), as the same are known on the original plat of the town of Marion, in that county, and on that day he executed and published his last will and testament, the disposing parts of which were as follows:

" Item 1. It is my will that all my just debts and funeral expenses be paid by my executrix, hereafter named, as soon after my decease as will be consistent with right dealing and the interest of my estate.

" Item 2. It is my will that my wife, Sarah E. Beshore, have the sole control, use and benefit of the remainder of my estate, real and personal, for the support and mainte-nance of herself and our child, George F. Beshore, including my interest in the firm of Beshore, in the grocery and pro-vision business in the town of Marion, Grant county, Indiana, so long as she remains my widow, hereby authorizing and requesting her.to hold and keep my interest in said firm intact so long as the same shall be agreeable with my part-ners,. Samuel B. and Leander C. Beshore, and my wife. But it is my will that my wife shall not increase my interest, or the interest of my estate, in the capital stock of said firm, and that my property or interest outside of said firm shall in no case be liable for any debt or debts contracted by said firm after my decease."

The said Jacob W. Beshore, being still the owner of the parts of lots above described, died on the 10th day of April, 1877, leaving the will so executed and published by him in full force. This will was soon afterwards admitted to pro-bate, and the widow, Sarah E. Beshore, electing to accept

its. provisions, went immediately into the possession of the estate, both real and personal, left by the testator.

On the 27th day of January, 1881, the widow intermarried with one John B. Lytle, whose wife she still continues to be. Notwithstanding such intermarriage, she remains in possession of the real estate left by her former husband, and has claimed to be the owner of such real estate, under a construction which she has placed upon his will.

In February, 1884, the said former widow, under her present name of Sarah E. Lytle, commenced this action against George F. Beshore, who is her child, as well as the only surviving child and lineal descendant of her said former husband, Jacob W. Beshore, to have her claim of title established and her title quieted to the parts of lots hereinabove particularly named.

George F. Beshore, acting through his guardian *ad litem*, thereupon filed his cross-complaint, setting up a claim of exclusive ownership in the parts of lots in question, and demanding judgment for the possession of such parts of lots.

Issue being joined upon the complaint, as well as the cross-complaint, the court trying the cause made a finding that Mrs. Lytle was the owner of one undivided half of the real estate in controversy, and that the said George F. Beshore was the owner of the other undivided half, and gave judgment accordingly.

George F. Beshore appeals, on the ground that upon the evidence the finding and judgment ought to have been in favor of his exclusive claim to all of such real estate, and insists that the court below, in reaching the conclusion at which it arrived, placed an erroneous construction on the provisions of the will of Jacob W. Beshore, which we have set out.    In fact, whether the court failed to give a proper construction to that will, and, if so, in what respect, are the only material questions involved in this appeal.

On behalf of the appellant it is contended that the terms upon which the estate of Jacob W. Beshore was granted to

the appellee were not in restraint of marriage, but only placed a limitation on her holding of the estate, which has, in effect, been repeatedly held to be a valid limitation, at the expiration of which her interest in the estate ceased.    *O'Harrow* v. *Whitney*, 85 Ind. 140; *Hibbits* v. *Jack*, 97 Ind. 570.

It is further contended that the appellee's election to take the interest in the decedent's property offered to her by the will amounted to a relinquishment of all other claim to the decedent's estate, and that hence, when her widowhood ceased by reason of her marriage to Lytle, whatever remained of the estate devised and bequeathed to her immediately descended to the appellant, discharged from all further claim of the appellee in such estate.    *Ragsdale* v. *Parrish*, 74 Ind. 191; *O'Harrow* v. *Whitney*, *supra.*

On the other hand, the original claim that the appellee continued under the will to be entitled to the entire estate seems to have been abandoned, and it is now sought to be maintained that the appellee took the estate under the will as a trustee merely, for a limited time and a specified purpose, without thereby acquiring any further interest in the property; that, consequently, her election to take under the will was not inconsistent with her claim to an ultimate share in the estate under the law, and that for that reason such election did not operate as a relinquishment of any other claim to such estate.

Having in view the manifest intention of the testator, we believe that the construction which the appellee seeks to have placed upon the will is the one which ought to be given to it.

The will conferred upon the appellee no separate or individual estate in the property of the testator.    It simply placed his property in her hands for a limited time for the joint use and benefit of herself and the appellant during that period of time.    It was not obligatory upon the appellee to accept the control and use of the property on the terms proposed, but when she did so accept, the property became a

trust estate in her hands during her widowhood, and she was thereby made a trustee, charged with the management and control of the property, coupled only with a beneficiary interest in its use during the continuance of the trust. When the appellee's widowhood terminated on account of her subsequent marriage, the trust was at an end. As the will made no further disposition of the testator's property, whatever remained of his estate after the trust expired became subject to the law governing the estates of persons dying intestate, and descended accordingly. As the appellee's acceptance of the terms of the will was not inconsistent with her contingent share in the estate under the law, such acceptance did not operate as a relinquishment of all further claim to the property. *Summit* v. *Yount,* 109 Ind. 506.

When, therefore, the will had expended its force, and the purpose for which the trust was created had been accomplished, one-half of the estate, remaining undisposed of, descended to the appellant, and the other half to the appellee. 1 R. S. 1876, p. 412, section 23; R. S. 1881, section 2486. Consequently, the circuit court did not err in its construction of the will under consideration. *Anderson* v. *Crist,* 113 Ind. 65.

The judgment is affirmed, with costs.

