## BEATTY v. IRWIN, EXECUTOR.

[No. 5,525.    Filed April 5, 1905.]

1. WILLS.—*Estate Devised.—Construction.*—A will, devising to testator's widow certain lands "now owned by me, and of which I may die seized in fee simple together with my interest," etc., gives to such widow a fee-simple title, although the punctuation would, literally, imply a different construction, such latter construction resulting, however, in partial intestacy, and especially is such former construction preferable when, as here, all other devises in such will are expressed in similar language.    p. 241.

2. SAME.—*Estate Devised.—Restraint on Marriage.*—Where a testator devises to his widow a fee-simple title and subsequently adds: "The last-above described real estate, I so will and devise unto my beloved wife  *  *  *  only so long as she shall be and remain my unmarried widow if and in the event my said wife  *  *  *  shall after my death marry again then all said real estate so willed and devised her herein is hereby willed and devised," etc., such language is simply a condition against remarriage, and construed in connection with other parts of such will, does not cut down such fee-simple title. p. 242.

3. SAME.—*Estate Devised.—Words of Limitation.*—A devise to one so long as she remains testator's widow, such language standing alone, . gives to such widow an estate determinable upon her marriage, and which in no event can be greater than a life estate.    p. 242.

4. SAME.—*Restraint on Marriage.*—Where a testator uses language in a devise to his widow capable of being construed as a restraint on marriage, the fact that he refers to such language three times afterwards in such will as a condition and also speaks as often of such estate as being forfeited on such widow's remarriage, such latter language will be considered as tending to show the real meaning of the language of such devise.    p. 242.

From Bartholomew Circuit Court; *Francis T. Hord,* Judge.

Action by John W. Beatty against William G. Irwin, as executor of the will of Emma Beatty, deceased.    From a decree for defendant, plaintiff appeals.    *Affirmed.*

*Marshall Hacker* and *Elliott, Elliott & Littleton,* for appellant.

*Charles S. Baker,* for appellee.

Roby, J.--Item four of the will of Josiah Beatty is in terms as follows: "I will, give, bequeath and devise until [*sic*] my beloved wife, Emma Beatty, in lieu of and instead of and in full of her legal, equitable and lawful interest and absolute rights as my widow in and to my estate and property left by me at my death and upon the conditions following as to said real estate the following real estate in Bartholomew county. in the State of Indiana, to wit:   Lots numbered nine and ten, in Sims & Finley's addition to the town (now city) of Columbus, the same being my present dwelling-house and premises occupied thereby and immediately contiguous thereto, and also all that certain part and portion of the east half of section thirty, township nine north, of range six east, now owned by me, and of which I may die seized in fee simple together with all my interest, right and title in and to a certain lease and contract affecting a part of the last-above described real estate executed and dated, signed also in duplicate on the 17th day of October, 1891, by myself and the Bartholomew County Trotting Association of Bartholomew county, Indiana, together with all money and rents due and owing to me or to become due and owing to me or to my estate upon  and by virtue of said lease together with all the growing crop or crops whether severed or unsevered that may be on the last-above described real estate and the last-above described real estate, I so will and devise unto my beloved wife, Emma Beatty, only so long as she shall be and remain my unmarried widow if in the event my said wife, Emma Beatty, shall after my death marry again then all said real estate so willed and devised to her herein is hereby willed and devised and shall at once descend except the crops then thereon, equally share and share alike, in fee simple to my said son John W. Beatty and granddaughter Mary Brown, named in this will and if my said son John Beatty shall then be dead, my said son's surviving child or children as the case may be shall have take and

inherit his said portion of said real estate and if my said granddaughter Mary M. Brown be then, at the marriage of my said widow, dead leaving no issue alive of her body surviving her then her share and portion of said real estate shall get to and be inherited by my said son John W. Beatty, in fee simple or by his children as aforesaid if he be then dead; and provided further and I will that if my said granddaughter Mary M. Brown shall become entitled to said portion as aforesaid of said real estate devised herein on the aforesaid condition of non-marriage of my said wife and as set out in this item fourth above, prior to the time my said granddaughter shall attain the age of twenty-one years then until she shall attain her said majority her said portion of said forfeited real estate shall be held in trust for her, Mary M. Brown my granddaughter, as hereinafter provided the real estate hereinafter devised to said Mary M. Brown, is to and shall be held, and in the event of the death of said Mary M. Brown without issue of her body surviving her prior to her said majority then her said portion of said forfeited real estate shall go to my said son John Beatty and to his children if he be dead as aforesaid, but if said Mary M. Brown shall die prior to her majority leaving any child or children of her body surviving her then her said forfeited portion of real estate shall go to such child or children so surviving her, but all said conditions in this fourth item of my will as to and concerning the forfeiting of said real estate last hereinabove described to my said wife and the taking thereof by my said son and granddaughter and their children are void and without any force or effect in law and equity, unless my beloved wife Emma Beatty shall again marry after my death."

The testator departed life in 1897, and his will being duly probated, the widow elected to, and did, take under its provisions. She departed life testate in 1903, her will being duly probated; and by its terms the real estate de-

scribed in item four, above set out, was devised to appellee in trust for certain purposes. Her will is in full force. Appellant has and claims no title to said real estate except under the will of said Josiah Beatty, or as his heir.

1. Appellant's contention is that a devise to a widow "so long as she remains my widow" gives her no more than a life estate; that the words are words of limitation, and not of condition; that only a life estate passes unless an intention to give a greater one affirmatively appears. These propositions, abstractly considered, may be conceded, but they are not regarded as of controlling force when applied to the facts involved in the case at bar. Immediately after the description of the real estate devised to the widow in said item four are these words: "Now owned by me, and of which I may die seized in fee simple together with my interest, right and title in and to a certain lease and contract," etc. In the absence of punctuation by the testator, appellant asserts that the reading should be "of which I may die seized in fee simple;" appellee asserts that the reading should be "of which I may die seized," the words "in fee simple" describing the estate devised. According to appellant's reading, the testator made a devise of a life estate contingent upon his possession at his death of a fee in such land, involving his intestacy as to the remainder—no disposition thereof being made—and leaving the widow without provision in case he did not hold a fee, although he might have held a less estate of adequate value. The phrase "of which I may die seized" is a common one, arising from and recalling the fact that wills operate only upon property possessed by the testator at his death. The words "in fee simple" are associated with, and immediately followed by, other words defining an estate to be taken. They are logically connected with the opening clause of the item: "I will, give, bequeath and devise until [*sic*] my beloved wife, Emma Beatty \* \* \* the following real estate

* * * in fee simple." The form adopted in other items of the will, by which other real estate is devised to other persons, is the same as that used in item four, and, irrespective of the condition against remarriage, is as sufficient to convey a fee to the widow as to other devisees.

2. The subsequent terms, "The last-above described real estate, I so will and devise unto my beloved wife * * * only so long as she shall be and remain my unmarried widow if and in the event my said wife * * * shall after my death marry again then all said real estate so willed and devised her herein is hereby willed and devised," etc., amount to a condition against remarriage of the widow; their effect, when taken in connection with the express devise of a fee simple, being altogether different from what it would be if they stood alone, defining an estate. *Coon* v. *Bean* (1880), 69 Ind. 474; *Stilwell* v. *Knapper* (1880), 69 Ind. 558, 35 Am. Rep. 240.

3. Similar language when isolated has been uniformly construed as a devise during widowhood, amounting to no more than a life estate. *Harmon* v. *Brown* (1877), 58 Ind. 207; *Tate* v. *McLain* (1881), 74 Ind. 493; *Hibbits* v. *Jack* (1884), 97 Ind. 570, 49 Am. Rep. 478; *O'Harrow* v. *Whitney* (1882), 85 Ind. 140; *Summit* v. *Yount* (1887), 109 Ind. 506.

4. That the qualification of the fee-simple estate was intended to be a condition is shown by the fact that it is three times referred to in the item as a condition, and that the provision made for disposition in event of remarriage referred to it three times as a forfeited estate.

The will covers twenty-five pages of the record. By it a large amount of property was disposed of with painstaking detail. The widow was entrusted with very large discretionary power relative to a variety of subjects. She was authorized to expend $3,000 for a family monument, $1,000 for curbing around it, $1,000 for repairing the graves of the testator's relatives in such manner as she

deemed right and proper. A provision for the testator's granddaughter—a child of his deceased daughter—was made, the widow being named as "sole trustee at my death to take immediate and sole possession and hold continuous possession of all real estate herein directly or indirectly willed and devised unto my said granddaughter until she shall attain the full age of twenty-one years," to which cumulative provisions of the same nature are added.

The widow was appointed executrix. That the testator had and reposed great confidence in her judgment and integrity was stated and reiterated, to which were added provisions to the effect that letters should be issued to her; that she should not be required, in law or equity, to give any bond or other obligation; that she should not be required to make any inventory or appraisement of any part of the personal property; that no public or private sales of personal property should be made, but that she should have full and unconditional authority to sell at such times as she deemed best, she being the sole and final judge thereof; that she should make but one report as executrix, which should be a final report, and in which she be required only in a general way to show that the directions of the will had been complied with. It is evident that the confidence of the testator in his wife was qualified only by the possibility of her remarriage, and the consequent introduction of a new factor into her calculations, against which he undertook to provide. Whether the condition was void (§2737 Burns 1901, §2567 R. S. 1881), or not, is immaterial, since the widow did not remarry, and the present inquiry is merely as to what estate was devised to her.

The conclusion reached by the trial court was correct, and the judgment is therefore affirmed.