# NAGLE v. HIRSCH.

[No. 8,921. Filed March 3, 1915. Rehearing denied June 22, 1915.]

1. WILLS.—*Construction.*—A will must be construed as a whole and effect must be given to each particular clause thereof, unless some parts are conflicting and portions are against the manifest intention of the testator. p. 285.

2. WILLS.—*Construction.*—*Estate Devised.*—*Limited Life Estate.*— *Disposition of Remainder.*—A devise to testator's wife "for her maintenance and support during her life while she remains unmarried the use of all real estate owned by me at the time of my death", gave to her a limited life estate determinable before death only by the event of her remarriage, and the effect of the foregoing provision was not modified or changed by a subsequent clause in the devise that "all the real estate is to be divided equally between my son and daughter * * * after the death of my wife"; but the devise as a whole shows that it was the testator's intention to give the real estate to his children upon the death of his wife while his widow, or upon her remarriage; hence, on the election of the widow to take under the will, title vested in testator's children subject to her

right to the use and enjoyment during widowhood, whether terminated by death or remarriage. pp. 285, 287.

3. WILLS. — *Construction.* — *Words of Limitation.*—*Restraint of Marriage.*—Under a devise to testator's wife of the use of all of testator's real estate "for her maintenance and support during life while she remains unmarried", the use of the words "while she remains unmarried", is not in restraint of marriage and is not controlled by §3123 Burns 1914, §2567 R. S. 1881. p. 286.

4. WILLS.—*Election by Widow.*—*Effect.*—A widow's election to take under the will of her deceased husband is a relinquishment of all claims to testator's real estate other than that devised to her by the will. p. 287.

From Lake Superior Court; *Lawrence Becker,* Judge.

Action by Mary D. Nagle against Bertha Harvey Hirsch and another. From a judgment for the defendant named, the plaintiff appeals. *Reversed.*

*L. V. Cravens* and *P. R. Boylan,* for appellant.

*Peter Crumpacker, Fred Crumpacker* and *C. B. Tinkham,* for appellee.

FELT, J.—Appellant brought this action against appellee and William J. Harvey for partition of certain real estate in Lake County, Indiana. The court sustained a demurrer to each the second and fourth paragraphs of appellant's complaint and each of these rulings is assigned as error. The other paragraphs of complaint were dismissed.

In each of these paragraphs it is alleged that appellant and William J. Harvey are the "sole owners in fee simple as tenants in common of each of said parcels of real estate above described", but in each paragraph it is specifically charged that plaintiff (appellant) and the defendant William J. Harvey, are the children of Patrick Harvey, now deceased; that Patrick Harvey died testate in Chicago, Illinois, on July 22, 1897, and left surviving him, Bertha Harvey, his widow, and the two above mentioned children as his sole heirs at law. The will of Patrick Harvey, dated February 19, 1896, is as follows:

"I, Patrick Harvey of Chicago, Cook County, Illinois—Do hereby make this my last will and testament,

after the payment of all my debts, I give and bequeath to my wife, Bertha Harvey, all my personal property; also for her maintenance and support during her life while she remains unmarried the use of all real estate owned by me at the time of my death. If my wife, Bertha Harvey would prefer to take what she would be entitled by law, let it be done. If she does not do so, all the real estate is to be divided equally between my son and daughter William J. Harvey and Mary D. Nagle, wife Michael Nagle after the death of my wife.''

It is furthermore averred that under the terms of the will Bertha Harvey (Hirsch) was entitled to the rents and profits and the use of the real estate "so long as she might remain unmarried''; that on August 21, 1908, Bertha Harvey intermarried with Herman Hirsch, and since that time she has not been entitled to any part of the rents or profits of said real estate; that the will was duly probated and appellee-elected to take under the will; that Patrick Harvey died the owner of certain parcels of land, including those set out and described in the complaint.

The memorandum accompanying the demurrer of appellee to each paragraph, in substance, suggests (1) that the facts averred show that said Nagle and William J. Harvey are remaindermen, and that partition "cannot be had between remaindermen, during the existence of a life estate''; that appellee has a life estate in the real estate in controversy; (2) it appears that said defendant Bertha Harvey Hirsch has a present and existing life estate in the real estate described in said complaint and as long as said estate is in existence, said plaintiff and said defendant William J. Harvey cannot quiet their title against her; (3) plaintiff is not shown to have such an interest as entitled her to maintain the suit; and (4) she has no interest in the real estate under the provisions of the will set out in the complaint.

Appellant dismissed as to William J. Harvey, and, refusing to plead further, elected to stand on the rulings on

the demurrers, and judgment was rendered that appellant take nothing by her complaint and against her for costs.

The questions presented depend for solution on the construction of the will of Patrick Harvey. Appellant contends that the will gave appellee a life estate, limited by the contingency of remarriage; that when she intermarried with Herman Hirsch she ceased to have any interest in the real estate; that the remainder at once vested in appellant and William J. Harvey as remaindermen under such will and that they were entitled to partition. On the other hand, appellee contends that the will gave her a life estate in the property and that partition will not be ordered during the existence of a life estate; that the language of the will, viz., "while she remains unmarried," imposes a condition subsequent in restraint of marriage upon the life estate devised to her and, under §3123 Burns 1914, §2567 R. S. 1881, is void. Other contentions are suggested but we state only the principal questions upon which the case depends.

What was the intention of the testator, Patrick Harvey, as evidenced by the language of the will? The will must be construed as a whole and effect must be given to each particular clause thereof, unless some parts are conflicting and portions are against the manifest intention of the testator ascertained from a consideration of the will as a whole. *Skinner* v. *Spann* (1911), 175 Ind. 672, 684, 93 N. E. 1061, 95 N. E. 243. The first inquiry is as to the interest in the real estate given to the wife of the testator. The language, viz., "I give and bequeath to my wife, Bertha Harvey * * * for her maintenance and support during her life while she remains unmarried the use of all real estate owned by me at the time of my death," considered alone, plainly devises to her a limited life estate, or use of the property during widowhood, determinable before death only by the event of her remarriage. In *Summit* v. *Yount* (1887), 109 Ind. 506,

9 N. E. 582, our Supreme Court quoted approvingly from 4 Kent, Comm. 126, the following: "Words of limitation mark the period which is to determine the estate; but words of condition render the estate liable to be defeated in the intermediate time, if the event expressed in the condition arises before the determination of the estate, or completion of the period described by the limitation. The one specifies the utmost time of continuance, and the other marks some event, which, if it takes place in the course of that time, will defeat the estate." In that case there was a devise to a wife of "all my estate both real and personal, so long as she remains my widow," and the court held the words "so long as she remains my widow," to be "in the strictest sense, words of limitation, and not of condition. Clearly and unequivocally, these words specify the widowhood of appellant as the utmost time of continuance of the estate to her." What was said in that case is equally true of the case at bar, for "widowhood" here as there, marks the utmost time of the continuance of the estate devised to the wife and there is no provision for termination of the estate during widowhood. See also, *Hibbits* v. *Jack* (1884), 97 Ind. 570, 49 Am. Rep. 478; *Wood* v. *Beasley* (1886), 107 Ind. 37, 7 N. E. 331, and cases cited; *Beatty* v. *Irwin* (1905), 35 Ind. App. 238, 242, 73 N. E. 926, and cases cited; *Harmon* v. *Brown* (1877), 58 Ind. 207.

It is contended that the testator first gave appellee a life estate, and by a later clause attempted to limit such estate. This contention cannot be sustained. The language does not indicate that a life estate was first granted, and then some limitation put upon it, but by a single sentence clearly indicates an intention to devise "maintenance and support" from the use of the real estate during widowhood.

As used in the will under consideration the words, 3. "while she remains unmarried" are not in restraint of marriage and the provision is not controlled by

§3123, *supra*. *Hibbits* v. *Jack, supra; O'Harrow* v. *Whitney* (1882), 85 Ind. 140, 142; *Summit* v. *Yount, supra*.

The widow's election to take under the will operated as a relinquishment of all other claims to the testator's real estate other than that devised to her by the will.

4. *Beshore* v. *Lytle* (1888), 114 Ind. 8, 11, 16 N. E. 499; *Ragsdale* v. *Parrish* (1881), 74 Ind. 191; *O'Harrow* v. *Whitney, supra*.

It is averred that the widow elected to take under the will. The clause of the will, viz., "all the real estate is to be divided equally between my son and daughter

2. William J. Harvey and Mary D. Nagle, wife of Michael Nagle after the death of my wife," presents an important question as to its effect on the preceding provisions of the will. The clause last quoted provides for the disposition of the remainder of the testator's estate in the land after the termination of the estate therein devised to his widow. When considered in connection with the other provisions of the will it is apparent it was not intended to modify or change the provision which gives the wife support and maintenance from the real estate during widowhood. The evident intention of the testator was to provide that in case the wife accepted the provisions made for her in the will, upon her death during widowhood, the possession, use and enjoyment of all the real estate was to come to the other devisees, or remaindermen, named in the will. In case her widowhood was terminated by her remarriage the same results would follow, only the event would be thereby accelerated.

The estate of the wife is clearly defined, and there is no indication anywhere in the will of an intention to make it other than a means of support while she remained unmarried. The language employed in the latter clause does not specifically devise the remainder, but is sufficient to show the intention of the testator to give the real estate to

his children named therein upon the death of his wife while his widow, or upon her remarriage.   This construction gives effect to all the provisions of the will upon either contingency.   While the latter clause does not expressly provide for the distribution of the remainder upon the remarriage of the testator's widow, the intention that it should be so distributed upon the happening of that event is readily deducible from the whole will without doing violence to the language employed.  *Skinner* v. *Spann, supra.*   When the widow elected to take under the will, the title to the real estate in controversy vested in appellant and William J. Harvey, subject to appellee's right to the use and enjoyment thereof during widowhood, whether terminated by death or remarriage.  *Rush* v. *Rush* (1872), 40 Ind. 83, 88; *Heilman* v. *Heilman* (1891), 129 Ind. 59, 62, 63, 28 N. E. 310; *Corey* v. *Springer* (1894), 138 Ind. 506, 509, 37 N. E. 323; *Wood* v. *Robertson* (1888), 113 Ind. 323, 324, 15 N. E. 457; *Davidson* v. *Bates* (1887), 111 Ind. 391, 398, 12 N. E. 687.

In *Rush* v. *Rush, supra,* the testator devised to his wife certain lands during widowhood.   The will also provided as follows: ''I give and bequeath to my son, Thomas E. Rush, at the death of my wife, Sally Rush, provided he takes care of her during her natural life, fifty acres.''   The widow survived the testator several years and did not remarry.   The court held that the son took a freehold interest in remainder, upon condition, which vested in him upon the death of the testator and the acceptance of the devise by the devisee.   The enjoyment of the estate devised to the son was to begin in the future upon the death of his mother, provided he had complied with the condition subsequent of caring for her during her natural life.   There was a finding that he had complied with all the conditions which the widow and mother had not waived, and the court held that he took the estate under the provisions of the will.   In the course of the opinion, it is said the devise to the wife was

only during widowhood and might have terminated by. her remarriage "and in that event the title, during the interim between her marriage and death, would have reverted to the heirs." But inasmuch as there was no remarriage the latter proposition, though correct, was unnecessary to a decision of that case. The will in that case differs from the one in this with respect to the condition subsequent upon which the son's enjoyment of the estate devised to him depended. In that case there was a necessity for deferring the son's enjoyment of the estate until the death of his mother, because of the condition which required him to care for her during life. There is no such condition in the devise to the children in the will under consideration. Keeping in mind the difference in the provisions of the two wills and the questions necessarily decided in the Rush case, it supports our conclusion in the case at bar.

But, if it be said that the latter clause of the instrument will not bear the construction given it, we should then be compelled to hold that there was partial intestacy in the failure to provide for a disposition of the remainder of the estate in the event of the remarriage of the widow, during the period of time intervening her remarriage and death. In that event the widow would have received all the will gave her, and with her interest out of the way the law would give the whole of the remainder of the estate to the two children named in the will, and the same ultimate result would be reached as that obtained by the foregoing construction of the will, which seems warranted and avoids in-. testacy. *Rush* v. *Rush, supra; Stilwell* v. *Knapper* (1880), 69 Ind. 558, 565, 35 Am. Rep. 240; *Hawk* v. *McComes* (1884), 98 Ind. 460, 465; *Beshore* v. *Lytle, supra; Waugh* v. *Riley* (1879), 68 Ind. 482, 489; *Thompson* v. *Turner* (1910), 173 Ind. 593, 597, 89 N. E. 314, Ann. Cas. 1912 A 740. It follows from the foregoing propositions that the court erred in sustaining the demurrer to each of said para-

graphs of complaint. The judgment is therefore reversed with instructions to overrule the demurrer to each of said paragraphs of complaint, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 108 N. E. 9. As to conditions in wills in restraint of marriage, see 4 Am. Dec. 114; 80 Am. Dec. 493. As to the validity of a testamentary disposition in restraint of marriage, see 5 Ann. Cas. 138; 9 Ann. Cas. 1143. See, also, under (1) 40 Cyc. 1413; (2) 40 Cyc. 1622, 1619, 1413; (3) 40 Cyc. 1702; (4) 40 Cyc. 1988.