## Coon *v.* Bean et ux.

Will.—*Life-Estate.*—*Condition in Restraint of Marriage.*— *Widow.*—A testator devised to his wife, " in lieu of her interest in " his lands, a certain tract of land " during her natural life, *or so long as she may remain my widow.*"

*Held*, the widow having remarried, that she took a life-estate, the condition in restraint of marriage being void.

Same.—*Partition Between Remainder-Men.*—Partition can not be adjudged between remainder-men, during the existence of a life-estate in the same premises.

Judgment.— *Waiver of Trial.*—*Demurrer.*—Where judgment is rendered

without objection or exception, on the sustaining of a demurrer to a reply, trial is waived.

From the Fayette Circuit Court.

*J. C. McIntosh, C. Roehl* and *H. H. Dochterman,* for appellant.

*T. M. Little* and *J. I. Little,* for appellees.

WORDEN, J.—This was an action by the appellant, against the appellees, for the partition of certain lands. Agnes Bean and Levi E. Bean were made defendants to answer as to their interest in the land.

They answered, in substance, that, in the year 1867, Michael Coon died testate, seized in fee of the land in controversy, leaving the said Agnes Bean as his widow; that, by the will of the deceased, the land in controversy was devised to her during the term of her natural life, in lieu of her interest in the real estate of the testator; and that she is in possession of the premises, and is entitled to the possession thereof during the term of her natural life. Wherefore, etc. The following is the clause in the will of the testator which is relied upon by Mrs. Bean: "To my beloved wife, I give and devise, in lieu of her interest in my lands, the farm on which we now reside, situate in the county of Fayette and State of Indiana, containing about one hundred acres, *during her natural life, or so long as she may remain my widow.*"

The plaintiff demurred to this paragraph of answer, for want of sufficient facts, but the demurrer was overruled and exception taken.

The plaintiff replied, first, by a denial, and, second, that, before the commencement of the action, the said Agnes intermarried with her codefendant, Levi E. Bean, wherefore the estate vested in her by the will has terminated, and the land should be parted as prayed for.

A demurrer for want of sufficient facts was sustained to

this paragraph of reply, and exception taken, and thereupon the court rendered judgment that the defendants recover their costs of the plaintiff.

The main question in the cause is, what estate did the widow of Michael Coon take under his will?

We have no doubt that she took a life-estate. Her subsequent marriage, therefore, did not terminate the estate vested in her. It is very clear that the testator intended that she should have a life-estate unless she should marry again. By the will a life-estate is first given, and then this is attempted to be conditionally cut down, in the same sentence, by the alternative words " or so long as she may remain my widow." If he had given her the estate simply as long as she might remain his widow, the case would have been like that of *Harmon* v. *Brown*, 58 Ind. 207. But the principles settled in that case clearly established the proposition, that, having first given her the life-estate, the testator could not cut it down by a condition in restraint of marriage. The condition may not be expressed in terms in the will, but is contained in it as fully as if the language had been " during her natural life, provided she shall not again marry."

Some minor objections are urged to the answer, as that it does not appear that the will in question was ever proved; and that, conceding the existence of the life-estate, the remainder could be parted between the remainder-men. It sufficiently appears by the copy of the will set out, and the endorsement thereon, that the will had been admitted to probate.

Partition cannot be adjudged between remainder-men during the existence of a life-estate. *Schori* v. *Stephens*, 62 Ind. 441.

We do not think any error was committed in overruling the demurrer to the answer, or in sustaining the demurrer to the replication.

The appellant also insists that error was committed in rendering judgment without a trial of the issues of fact. The appellant did not object or except to the rendition of judgment. He must, therefore, be deemed to have waived the trial of any question of fact, and to have consented to the rendition of judgment. See *Roberts* v. *Norris*, 67 Ind. 386.

The judgment below is affirmed, with costs.

## ON PETITION FOR A REHEARING.

WORDEN, J.—Since the original opinion in this cause was filed, the question involved has been again under consideration in the case of *Stilwell* v. *Knapper*, *post*, p. 558, in which the same conclusion was reached as in this case. In the will of Michael Coon there is the following attempted devise over : "At the death or marriage of my (wife), the real estate aforesaid I give and devise to my four children and their heirs." So the children of the testator, as in the case of *Stilwell* v. *Knapper*, took by descent and not by purchase, the devise over being void. We deem it unnecessary to add any thing to what we have said in the case above mentioned, where the question involved was fully considered. The petition for a rehearing is overruled.