No. 12,823.

## SUMMIT v. YOUNT ET AL.

WILL.—*Devise of Estate During Widowhood.—Restraint of Marriage.— Words of Limitation and Condition.*—A devise of property to a wife " so long as she remains my widow " is a limitation of the estate merely, and not a condition in restraint of marriage within the meaning of section 2567, R. S. 1881, and upon a second marriage the estate terminates.

From the Morgan Circuit Court.

*G. A. Adams* and *J. S. Newby*, for appellant.
*G. W. Grubbs* and *M. H. Parks*, for appellees.

HOWK, J.—This was a suit by the appellees against appellant, in a complaint of two paragraphs. The first paragraph was a complaint, in the statutory form, for the recovery of certain real estate, particularly described, in Morgan county. In the second paragraph of their complaint, appellees sought to quiet their title to the same real estate against the adverse claims of the appellant herein. The cause was put at issue and tried by the court, and a finding was made for appellees, the plaintiffs below; and over appellant's motion for a new trial, the court rendered a judgment and decree in favor of appellees, upon and in accordance with its finding herein.

Appellant has here assigned a number of errors; but it has seemed to us, from our examination of the record herein, that the merits of the cause are presented for our decision, as fairly for appellant as for appellees, by the alleged error of the trial court, in overruling appellant's motion for a new trial. We shall, therefore, consider and decide the questions as to the titles of the parties respectively to the real estate in controversy, upon the case made by the evidence appearing in the record.

Both the appellees and appellant claim to be the owners in fee simple of the real estate, described in the complaint, under one John Radcliff who died testate, on the 25th day of January, 1879, seized in fee simple of such real estate, leaving no child or the descendants of children, and no father or

mother, but leaving brothers and sisters, and leaving also appellant, Sarah Summit, then Sarah Radcliff, as his widow, surviving him. At the time of his death, John Radcliff was also the owner in fee simple, in his own right, of one hundred and fifty acres of other land, and upon the final settlement of his estate, under his will, his executor paid over to appellant herein, as his widow, the surplus of his personal estate, amounting to the sum of $3,998. By his last will and testament, which was dated on December, 9th, 1871, and was duly admitted to probate by and before the clerk of the court below on the 10th day of February, 1879, John Radcliff devised and bequeathed his estate, real and personal, as follows:

" 1st. I will and bequeath to my wife, Sarah Radcliff, all my estate, both real and personal, so long as she remains my widow. But, in case of her again marrying, I will to her one-third of all my effects, to hold as her own and for her sole benefit as she may desire; and, in case of said subsequent marriage of my said wife, I devise and will to Catharine Yount and Nancy Teeters, daughters of Henry Teeters, jointly and equally, the tract of land belonging to me, and lying south of the farm now owned by William Radford, supposed to contain seventy-four acres, for their sole use and benefit; and the balance of my estate, in case of said subsequent marriage, to be equally divided between my brothers and sisters. I also desire and appoint Lemuel Guthridge executor of this my last will. Done, this," etc.

Appellant, the widow of John Radcliff, deceased, and named in such decedent's will as his wife, and Lawson Summit were married on the 10th day of May, 1885. The appellees are the devisees named in such decedent's will as Catharine Yount and Nancy Teeters, and are grandchildren of the testator's first wife. The seventy-four acres of land devised to appellees by the testator, in case of the subsequent marriage of his wife, the appellant herein, is the same real estate described in the complaint in this action. After the

marriage of appellant and Lawson Summit, to wit, on May 20th, 1885, appellees served a written notice on appellant requiring her to yield and surrender to them, as the rightful owners thereof, the immediate possession of the real estate in controversy herein; and such notice not having been complied with, appellees commenced this action against appellant in the court below, on the 5th day of August, 1885.

We have now stated the facts of this case, in regard to which there is no conflict in the evidence; indeed, we may say there is no conflict whatever in regard to any of the material facts, and these we have fully stated. The proper decision of this case, it is manifest, depends upon the construction which must be given to the first sentence in the last will of John Radcliff, deceased, namely: "I will and bequeath to my wife, Sarah Radcliff, all my estate both real and personal, so long as she remains my widow." The controversy between the parties, appellant and appellees, mainly turns upon the last few words of the sentence last quoted,— "so long as she remains my widow,"—appellant's counsel vigorously insisting that these words make the testator's devise of all his estate, both real and personal, to depend upon a "condition in restraint of marriage," while appellee's counsel earnestly contend that such words simply "mark the period which is to determine the estate" devised to the appellant.

Our statute provides that "A devise or bequest to a wife, with a condition in restraint of marriage, shall stand, but the condition shall be void." Section 2567, R. S. 1881, in force since May 6th, 1853. In 4 Kent Com. 126, Chancellor Kent defines the distinction between words of limitation and words of condition, as follows: "Words of limitation mark the period which is to determine the estate; but words of condition render the estate liable to be defeated in the intermediate time, if the event expressed in the condition arises before the determination of the estate, or completion of the period described by the limitation. The one specifies

the utmost time of continuance, and the other marks some event, which, if it takes place in the course of that time, will defeat the estate."

This statement of the distinction between words of limitation and words of condition, of itself, settles the point of contention under consideration adversely to the views and argument of appellant's counsel, in the case now before us. The words, " so long as she remains my widow," are in the strictest sense words of limitation, and not of condition. Clearly and unequivocally, these words specify the widowhood of appellant as the utmost time of continuance of the estate devised to her; and they do not mark or indicate any event, the occurrence of which, in the intermediate time, will defeat such estate. The terms of the testator's devise to his wife, the appellant, are not distinguishable in legal effect from those of the first devise, copied in the opinion of the court, in *Harmon* v. *Brown,* 58 Ind. 207, as follows:

"First, I give and bequeath unto my beloved wife, Penina, during her widowhood, all my real and personal estate, to be held and freely possessed and enjoyed during her widowhood."

There, as here, the testator's widow terminated her widowhood by her subsequent marriage; and there, as here, the question was presented for our decision, whether the words " during her widowhood " (which do not differ in meaning from the words " so long as she remains my widow ") were words of limitation, or words of condition. In the case cited it was held, upon full consideration, that the words " during her widowhood " were words of limitation, and not of condition within the meaning of section 2567, *supra.* The court there said: "A man may devise property to his widow during her widowhood. He is not obliged to devise to her a larger estate, as for life or in fee, in order to accomplish that purpose. But if he desires to devise a larger estate, as for life or in fee, and so expresses himself in his will, but makes it dependent upon the condition that she should not

marry, the condition will be regarded as *in terrorem* and void. Such condition will not cut down an estate to a period less than that to which it is limited." To the same effect, substantially, are the following more recent cases : *Coon* v. *Bean*, 69 Ind. 474 ; *Stilwell* v. *Knapper*, 69 Ind. 558 (35 Am. R. 240) ; *Brown* v. *Harmon*, 73 Ind. 412 ; *Tate* v. *McLain*, 74 Ind. 493 ; *O'Harrow* v. *Whitney*, 85 Ind. 140 ; *Hibbits* v. *Jack*, 97 Ind. 570 (49 Am. R. 478), and authorities cited.

Much stress is placed, on behalf of appellant, upon her right to elect under the provisions of section 2491, R. S. 1881, in force since May 6th, 1853, to take under the will instead of under the provisions of our statute regulating descents, for a surviving wife. Whether appellant had, or had not, exercised this right of election, or had, or had not, elected to take under the testator's will, or under the provisions of our statute of descents, is one of the disputed questions in this case, which has given rise to considerable discussion by the learned counsel of the respective parties. We are of opinion, however, that as applied to the case in hand, and as against the testator's will, this disputed question is immaterial, or, at least, of no practical importance. For the estate first devised to appellant, so long as she should remain the widow of the testator, having been determined by her subsequent marriage, the remaining devises, which were made to depend upon the condition of such marriage, at once took effect and became operative. Appellant having married again could not, as against the appellees and the other devisees named in the testator's will, claim any greater share or interest in the real estate of the testator than the one-third part thereof; and this share or interest, and no more, she would be entitled to claim and hold, whether she elected to take under the testator's will, or under the provisions of our statute of descents, for a surviving wife.

It is claimed, also, on behalf of appellant, that after the determination of the estate first devised to her, by her subsequent marriage, there was no effective devise over of the

testator's property mentioned in his will.    In this view of' the case, appellant's counsel wholly misapprehend, we think, the force and effect of the language used in the will.   In plain words, the testator devises to his wife, the appellant, in the event of her again marrying, the one-third of all his estate, and to the appellees the real estate in controversy in this ac-- tion ; and the balance of his estate, he devises to his brothers. and sisters in equal shares.    The intention of the testator is. manifest, and is not unlawful; and, under the accepted rule in the courts of this State, for testamentary construction and. interpretation, his intention should be given effect.    *Millett.* v. *Ford, ante,* p. 159, and cases cited.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.

Filed Dec. 21, 1886; petition for a rehearing overruled Feb. 16, 1887.