## THOMPSON *v.* PATTEN ET AL.

### [No. 9,877.   Filed June 17, 1917.]

1. WILLS.—*Conditions.—Restraint of Marriage.—Vesting of Estate Devised.*—Where a particular estate has been devised to a wife upon condition that she shall not remarry, the condition is void. and the estate vests and is held as if it had not been coupled with the condition.   p. 491.

2. WILLS.—*Devise by Husband to Wife During Widowhood.—Validity.*—A husband may devise to his wife an estate to continue during her widowhood.   p. 491.

3. WILLS.—*Conditions.—"Restraint of Marriage."—Statute.—Limitation of Estate.*—Where testator devised all his property to his wife "to remain her absolute property as long as she remains my widow," but in event she "should remarry, all of my property shall go to my children," is not a condition in "restraint of marriage" within the terms of §3123 Burns 1914, §2567 R. S. 1881, providing that a devise or bequest to a wife, with a condition in restraint of marriage, shall stand, but the condition shall be void, the words used amounting only to a limitation of the estate devised.   p. 491.

From Monroe Circuit Court; *Robert W. Miers,* Judge.

Action by Hanna Thompson against Myrtle Patten and others.   From a judgment for defendants, the plaintiff appeals.   *Affirmed.*

*John F. Regester,* for appellant.
*Edwin Corr,* for appellees.

McMAHAN, J.—The appellant commenced this action to quiet her title to certain real estate in Monroe county, which was owned by John Thompson at the time of his death.   The appellant is the widow, and the appellees are the children and consorts of children of John Thompson, who died leaving a will reading as follows:

"Item 1. I will, devise and bequeath all of my property real and personal to my wife Hannah Thompson to be and remain her absolute property as long as she remains my widow.

"Item 2. In the event my said wife Hannah Thompson should remarry, all of my property shall go to my children, share and share alike."

The only question presented for our determination is whether the provisions in the above will amount to a condition in restraint of marriage. If they do, the appellant is the owner of the fee-simple title to the real estate in controversy, and this cause will have to be reversed.

Section 3123 Burns 1914, §2567 R. S. 1881, provides that "A devise or bequest to a wife, with a condition in restraint of marriage, shall stand, but the condition shall be void."

It requires the citation of no authorities to uphold the statement that, where a particular estate has been devised to a wife upon condition that such wife shall not remarry, the condition is void, and the estate devised vests, and the same is held as if it had not been coupled with the condition. It is also just as well settled that a husband may devise to his wife an estate to continue during her widowhood, and that he is not obliged to devise to her a larger estate.

We have no hesitancy in saying that the provisions of the will now under consideration are not conditions in restraint of marriage, but amount only to a limitation of the estate devised, and we would rest our decision upon this statement without further discussion or citation of authorities were it not for the fact that appellant's counsel, by brief and

on oral argument, earnestly insist that the provision relating to the remarriage is a condition, and that the appellant became the owner of the real estate in fee.

In *Hibbits* v. *Jack* (1884), 97 Ind. 570, 49 Am. Rep. 478, the Supreme Court, after an exhaustive discussion of the meaning of the words "condition" and "limitation," held that a devise of lands to the testator's wife "so long as she shall remain my widow" contains no condition in restraint of marriage, but a mere limitation, and if she marry, or, not marrying, dies, the land goes to the heirs of the testator.

In *Summit* v. *Yount* (1887), 109 Ind. 506, 9 N. E. 582, the court had before it a will which read as follows: "I will and bequeath to my wife, Sarah Radcliff, all my estate, both real and personal, so long as she remains my widow. But, in case of her again marrying, I will to her one-third of all my effects, to hold as her own and for her sole benefit as she may desire; and, in case of said subsequent marriage of my said wife, I devise and will," etc.

The court, on page 508, quoted from 4 Kent, Com. 126, as follows: "'Words of limitation mark the period which is to determine the estate; but the words of condition render the estate liable to be defeated in the intermediate time, if the event expressed in the condition arises before the determination of the estate, or completion of the period described by the limitation. The one specifies the utmost time of continuance, and the other marks some event, which, if it takes place in the course of that time, will defeat the estate.'" And continuing on page 509, the court said: "This statement of the distinction between words of limitation and words of condition, of itself,

settles the point of contention under consideration adversely to, the views and argument of appellant's counsel, in the case now before us. The words, 'so long as she remains my widow,' are in the strictest sense words of limitation, and not of condition. Clearly and unequivocally, these words specify the widowhood of appellant as the utmost time of continuance .of the estate devised to her; and they do not mark or indicate any event, the occurrence of which, in the intermediate time, will defeat such estate.'' See, also, *Wood* v. *Beasley* (1886), 107 Ind. 37, 7 N. E. 331; *Levengood* v. *Hoople* (1890), 124 Ind. 27, 24 N. E. 373; *Beatty* v. *Irwin* (1905), 35 Ind. App. 238, 73 N. E. 926.

The court properly sustained the demurrer to the complaint. Judgment affirmed.

## Concurring Opinion.

Dausman, J.—I concur in the result because of the prior decisions. Under the rule of *stare decisis,* the decision herein is right; but I am of the opinion that the precedents are wrong, and that the distinction between a condition and a limitation is wholly without merit.