## STAUFFER ET AL. v. KESSLER.

[No. 10,872.    Filed April 19, 1921.    Rehearing denied June 29, 1921.    Transfer denied April 25, 1924.]

1. CONTRACTS.—*In Restraint of Marriage.*—*Contrary to Public Policy.*—*Void.*—It is the well-settled general rule that contracts in restraint of marriage, being against public policy, are void.    p. 439.

2. DEEDS.—*Condition in Restraint of Marriage.*—*Validity.*— There is no statute in this state governing the validity of conditions in restraint of marriage in deeds of conveyance. p. 439.

3. DEEDS.—*Condition in Restraint of Marriage.*—*Second Marriage.*—*Validity.*—A provision in a deed conveying a life estate on condition that if the grantee, a widower, remarried, the estate conveyed to him should terminate, is valid, the rule that conditions in restraint of marriage are void, not being applicable to second marriages.    p. 440.

4. DEEDS.—*Condition Subsequent.*—*Breach of.*—*Divesting Grantee's Title.*—*How Done.*—A breach of a condition subsequent is not self-operative to divest the grantee's title, but title is divested only by re-entry or a demand, which is equivalent to a re-entry, but a demand may be unnecessary when it would have been unavailing.    p. 441.

5. DEEDS.—*Condition Subsequent.*—*Breach of Condition.*—*Demand for Possession When Unnecessary.*—A wife, being the owner of certain real estate died intestate, leaving as her only heirs a husband and certain children by a former marriage; after the death of the decedent, the children conveyed to the stepfather the undivided two-thirds of the real estate on condition that the estate so conveyed should terminate in the event of his remarriage; the stepfather remarried, and the children, claiming the land because there had been a breach of the condition, but without making formal demand for possession, commenced suit for partition; the stepfather filed a cross-complaint to quiet title, and actively litigated the issue as to whether or not the condition in the deed was valid; there was a decree in favor of the stepfather.    *Held*, that the decree cannot be upheld on the ground that no demand was made before commencement of the partition proceeding, it being apparent that a demand would have been unavailing.    p. 441.

From Elkhart Circuit Court; *James S. Drake,* Judge.

Action by Owen L. Stauffer and others against Mar-

tin V. Kessler.  From a judgment for defendant, the plaintiffs appeal.  *Reversed.*

*Guy W. Dausman,* for appellants.

*L. L. Burris,* for appellee.

REMY, C. J.—Suit by appellants against appellee for partition of certain real estate.  Appellee, in addition to an answer in denial, filed a cross-complaint to quiet title and for partition, alleging that he was the owner of the fee in the undivided one-third part of the real estate, and of a life estate in the remaining two-thirds. To this cross-complaint, appellees filed a denial.

By a special finding, the court found the facts to be, in substance, as follows:   On December 18, 1914, one Lydia E. Kessler, who at the time was the wife of appellee, died seized in fee simple of the real estate here in controversy, leaving as her only heirs at law appellee and appellants, the latter being her children by a former marriage.   Thereafter, on December 22, 1914, appellants, by a quitclaim deed, conveyed the undivided two-thirds of said real estate to appellee.  The deed contained the following provision:

> "The said Martin V. Kessler shall have and hold said real estate for and during the term of natural life; provided, however, that if the said Martin V. Kessler, who is now a widower, shall marry, then such marriage shall terminate this estate.  *  *  * It is the intention of the grantors by this deed to confer upon the grantee a life estate in and to their two-thirds therein, in order that the said grantee may enjoy the use and benefit of said entire tract of real estate so long as he may live; but the said life estate so conferred upon the said grantee shall terminate in the event that he shall marry."

That ever since the execution of the deed, appellee has been in possession of the real estate, the present value of the two-thirds part thereof for and during the life of appellee being $1,166.50; that the real estate

cannot be divided without damage to the respective owners; and that in October, 1916, appellee was married to one Lillian Myers Miller, with whom he is still living as husband.

On these facts, the court stated its conclusions of law to be: (1) That appellee is the owner in fee simple, and in possession, of the undivided one-third part of the real estate, and is the owner of a life estate in the remaining two-thirds part thereof; (2) that appellants are the owners of the undivided two-thirds of the real estate in reversion, each being the owner of the undivided two-ninths part, subject to the life estate of appellee; (3) that the parties to the suit are entitled to partition; and (4) that the whole of the real estate shall be sold.

Exceptions to the conclusions of law present the only questions.

That appellee is the owner in fee, and entitled to possession, of the undivided one-third of the real estate sought to be partitioned, and that appellants are the owners of the fee of the remaining two-thirds thereof, are facts not controverted. The question involved in this appeal is whether or not, under the above facts as found by the court, appellee is the owner of a life estate in the two-thirds of the real estate, the fee of which is in appellants. It is evident that the trial court, in reaching the legal conclusion that appellee is the owner of the life estate in controversy, did so upon the theory that the above quoted provision of the deed must be construed as a condition in restraint of marriage; that, being a condition restraining marriage, it is void, and must be wholly disregarded. Such is the position now taken by appellee.

It is, of course, a well-settled general rule of law that contracts in restraint of marriage, being against public policy, are void. Appellants concede that the provision

in the deed is a condition, and not a limitation; nor do appellants controvert the general rule that contracts in restraint of marriage are void, but they insist that this general rule has no application to second marriage.

Pomeroy in his excellent treatise on equity jurisprudence (2 Pomroy, Equity Jurisp. [4th ed.] §933) says: "It seems to be settled by an overwhelming weight of authority, that limitations and conditions, precedent or subsequent, tending to restrain the second marriage of women, are valid, and by the most recent decisions the same rule has been applied to the second marriages of men."

The trend of judicial decisions, both in this country and in England, sustains Pomeroy's statement. *Bostick* v. *Blades* (1882), 59 Md. 231, 43 Am. Rep. 548; *Appleby* v. *Appleby* (1907), 100 Minn. 408, 111 N. W. 305, 10 L. R. A. (N. S.) 590, 117 Am. St. 709, 10 Ann. Cas. 563; *Allen* v. *Jackson* (1875), L. R. 1 Ch. Div. 399; *Newton* v. *Marsden* (1862), 2 J. & H. 356. The reason given by the courts is, that the rule as to first marriages has no substantial force when applied to second marriages; that a contract in restraint of a second marriage is a reasonable one, the prevention of which is not a matter of public concern. But it is suggested that whatever may be the law elsewhere, the Supreme Court of this state, in the case of *Crawford* v. *Thompson* (1883), 91 Ind. 266, 46 Am. Rep. 598, has laid down a contrary doctrine. An examination of the court's opinion in that case discloses that the controversy was as to the validity of a provision in a will by which the testator directed that a daughter who was a widow should be paid a certain sum annually "so long as she should live", but that if she should remarry, she "should not be entitled to said legacy from that time on." The court held that since the gift was upon a condition sub-

sequent, the condition was void because in restraint of a second marriage of the legatee. In deciding as to the validity of the condition, it was specifically held by the court that the question was entirely controlled by the statutory provision that "a devise or bequest to a wife, with a condition in restraint of marriage, shall stand, but the condition shall be void." (§3123 Burns 1914, §2567 R. S. 1881.) Not only did the Supreme Court in that case base its decision on this statute, but, in discussing the question, made the following statement: "It appears to be settled by the authorities, English and American, that in the absence of statutory provision on the subject, not only limitations but also conditions, whether precedent or subsequent, annexed to devises and legacies, restraining the testator's widow from marrying, are valid and operative." It is clear, therefore, that the decision in the Crawford case does not support the position taken by appellee, but rather the contention of appellants. There is, of course, no statute in this state governing the construction of conditions in restraint of marriage in deeds of conveyance.

In the case at bar, the record shows that, a few days after the death of their mother, appellants executed and delivered to appellee, who was their stepfather, 3. the deed in controversy, by which deed, a life estate in their two-thirds interest in the home which had been the property of their mother was conveyed to appellee. The consideration named in the deed was but ten dollars, although an estate for the life of appellee, at the time of the trial, was found to be of the value of $1,155.50. The intention of the parties is not in doubt. Appellee's life estate in the interest conveyed was to terminate if he remarried. We hold that the condition in the deed that the estate conveyed by appellants to appellee should terminate, if he should marry, is a valid condition.

The trial court did not find that appellants, before commencement of the suit for partition, made a demand upon appellee for the interest in the real estate claimed by them; and, for that reason, appellee asserts that the judgment must be affirmed, even though the condition in the deed restraining him from remarriage was a valid condition. It is, of course, well settled that a breach of a condition subsequent is not self operative to divest the grantee's title. *Cory* v. *Cory* (1882), 86 Ind. 567. Upon a breach of the condition, title is divested by a re-entry, or by a demand which is held to be equivalent to a re-entry. *Clark* v. *Holton* (1877), 57 Ind. 564. It does not follow, however, that, in every instance where the contingency has happened which was to terminate an estate held by a grantee upon a condition subsequent, there must be a re-entry or demand by the grantor or his heirs before there can be a recovery in a suit brought by the grantor or his heirs for possession or for partition of such real estate. Demand is never required when it fully appears that it would have been unavailing. *Cree, Admr.*, v. *Sherfy* (1894), 138 Ind. 354; *Cutsinger* v. *Ballard* (1888), 115 Ind. 93, 17 N. E. 206; *Cox* v. *Delmas* (1893), 99 Cal. 104, 33 Pac. 836; *Heard* v. *Lodge* (1838), 20 Pick. (Mass.) 53, 32 Am. Dec. 197; 1 Cyc 699. Appellee's position amounts to this, that, although by his cross-suit, he made appellants parties defendant in a proceeding to quiet his alleged title to a life estate in the undivided two-thirds of the real estate which had been conveyed to him by appellants on condition that he would not remarry, nevertheless, because appellants had made no formal demand before commencing their suit, he must prevail as against appellants; and that, too, in face of the fact found by the court that he had remarried. There is no merit in appellee's contention. Having chosen to litigate as to the title of the real es-

tate in controversy by filing his cross-suit against appellants, appellee cannot now complain that no demand was made upon him by appellants before they commenced this proceeding for partition. It clearly appears that if such a demand had been made, it would have been but an idle ceremony.

Judgment reversed, with instructions to the trial court to restate its conclusions of law and render judgment thereon, all in accordance with this opinion.