NEWTON *v.* WYATT.

[No. 14,673.  Filed February 1, 1934.]

178

*Walter D. Stump,* for appellants.

*Rex E. Emerick,* for appellees.

SMITH, J.—Appellees brought this action by a complaint in two paragraphs against the appellants for an accounting and appointment of a receiver for a partnership in which appellant, Ford G. Newton, was the surviving partner and owner of one-half interest. An answer in general denial was filed by appellants, and the cause was submitted on these issues for trial without a jury.

Upon request, the court made a special finding of facts, and rendered conclusions of law thereon. Upon the conclusions of law, judgment was rendered for an accounting against the appellant Ford G. Newton; and a division of the partnership assets was ordered, part of which was given to the appellant Ica M. Newton.

The only errors assigned and relied upon challenge the conclusions of law of the court.

Motion for new trial was filed and overruled, but the evidence is not in the record, so no question is presented upon said motion, and appellants do not urge this specification of error.

The complaint asked for a dissolution of the partnership; that a receiver be appointed; that the appellant Ford G. Newton be compelled to account for certain

moneys; that the partnership property be disposed of, and proceeds after the payment of the debts be divided among the parties.

Appellant Ford G. Newton filed a second paragraph of answer, but, before the conclusions of law were rendered, withdrew it, so it need not be considered in this opinion.

The special finding of facts shows that in 1920 the appellant Ford G. Newton and one E. J. Wyatt entered into a partnership for the purpose of operating a coal business and filling station, and made a written agreement by which each party furnished $1,000 for the business, and the appellant Ford G. Newton was to receive $100 per month for operating the business, and each partner was to receive one-half of the net proceeds from said business to be conducted in the name of Wyatt Coal Company, at Auburn, Indiana; that each partner contributed $3,000 as capital in the establishment of the business; that said business was operated under said firm name until July 5, 1923, when the said E. J. Wyatt died, leaving a last will and testament, which was duly probated in court.

It is necessary to note one provision of the will which is a part of the special finding, because one of the questions raised is upon the construction of the will.

"Item I of my estate I give devise and bequeath all my estate real personal and mixed and the income of it to my wife, Jane Wyatt, after the debts, taxes and repairs have been paid and two hundred fifty dollars and not over three hundred dollars has been paid for a monument to be erected to mark my resting place, *for and during her natural life, or so long as she remains my widow.*"

This item of the will also provided that, after the death of Jane Wyatt, and all expenses had been paid, the balance, "if there be any," be divided among testator's three children, Ica May Newton, appellant, and

Franklin D. Wyatt and Myrtle Wyatt Hunt, appellees, share and share alike. Myrtle Wyatt Hunt was named as executrix in the will; she qualified and fully administered the estate. The one-half interest in the Wyatt Coal Company, along with other assets of the estate, was turned over to the widow, Jane Wyatt, who accepted and received the same under the will. The sole and only heirs of E. J. Wyatt were his widow, Jane Wyatt, and the three children named.

The special finding of facts further shows that, after the death of E. J. Wyatt, the business of the Wyatt Coal Company was not terminated, but was operated and conducted continuously with the consent and approval of all the parties to this action until January 20, 1932, when a receiver was appointed; that, during all of this time, the net proceeds from the business were divided between the appellant Ford G. Newton and the appellee Jane Wyatt; that, ever since the death of Wyatt, the appellant Ford G. Newton, with the consent and acquiescence and approval of all the parties herein, had full charge of and devoted his entire time to the operation and conduct of said business, and that none of the other parties has rendered any service in the carrying on of said business; that, from 1923 to 1926, money was borrowed by the appellant Ford G. Newton and his wife for the conduct of the business, and none of the other parties ever furnished any money for the operation thereof; that the appellant Ford G. Newton furnished and used his own automobile in connection with the business, and supplied gasoline and oil for its operation, but never received any compensation or reimbursement therefor; that all the debts and liabilities of the partnership incurred or created prior to or since the death of Wyatt were fully paid and satisfied before the appointment of the receiver herein; that there are none remaining except costs and expenses of the

appointment of the receiver; that during the entire period of the operation of the business, April 1 of each year had been adopted by the parties as the end of the fiscal year, and annual settlement and accounting of the previous year's business was made upon that date; that, during the lifetime of E. J. Wyatt, he drew as profits from the business $588.77, and said Ford G. Newton drew $513.05; that, from April 1, 1923, to January 20, 1932, the widow Jane Wyatt received as net profits from said business $4,762.46, and said Ford G. Newton, the sum of $4,593.70; that there were some small sums of money paid to each of the other appellees, which it will not be necessary to set out herein; that on February 23, 1920, appellant Ford G. Newton executed his promissory note in the sum of $1,000 to said E. J. Wyatt in part payment of his one-half interest in said partnership; that during the course of the administration of the Wyatt estate this note was assigned and transferred to appellee Jane Wyatt, and afterwards interest was paid on it by said Newton until April 20, 1926; that thereafter appellant Ford G. Newton paid said note to appellee Jane Wyatt from the funds of the partnership, and charged this sum as a disbursement of the Wyatt Coal Company and not against his individual account; that the appellee Jane Wyatt held said $1,000 note in her possession, and made the endorsement of different sums thereon; and on the 20th day of April, 1926, after said note had been paid in the manner above stated, she voluntarily surrendered and delivered possession thereof to said appellant Ford G. Newton, who, since said time, has held it in his possession; that the said note has not been paid in any other manner than indicated heretofore; namely, by moneys belonging to the partnership of the Wyatt Coal Company.

The special finding further stated that all the payments made by Newton to said Jane Wyatt since the

death of said E. J. Wyatt were with the acquiescence and approval of the children of E. J. Wyatt; that, on the first day of April of each year since the death of E. J. Wyatt, Newton compiled and delivered to appellee Jane Wyatt an itemized statement of the receipts and disbursements of the partnership during the preceding year, and also showed in said statement the amount of salary said Newton had paid to himself for his services; that, beginning April 1, 1923, and ending April 1, 1928, said Newton had paid as salary to himself $100 per month; that, from April 1, 1928 to April 1, 1930, said Newton had paid to himself as salary the sum of $150 per month; and, from April 1, 1930, to January 20, 1932, the time of the appointment of the receiver, he had paid to himself as salary $200 per month; that since the death of said E. J. Wyatt there was never any understanding between the parties, or any of them, whereby the salary to be paid and allowed to said Newton was fixed or determined; "That there never was any conversation or communication between any of the parties to this cause as to the amount which said Newton paid and allowed to himself as salary for such services, except as herein otherwise found."

Upon this special finding of facts, the court stated its conclusions of law, five in number, which were: (1) That the law is with the appellees, and that they are entitled to an accounting from the appellant Ford G. Newton; (2) that the appellant Ford G. Newton be required to account to the appellees and the appellant Ica M. Newton for the sum of $2,061.09 in the following amounts: To the appellee Jane Wyatt, $687.03; to the appellee Franklin D. Wyatt, after deducting $65, the sum of $393.02; to the appellee Myrtle Wyatt Hunt, after deducting $50.75, the sum of $407.27; to appellant Ica M. Newton, the sum of $458.02; that the appellees, Jane Wyatt, Franklin M. Wyatt, and Myrtle Wyatt

Hunt, are entitled to recover judgment against appellant Ford G. Newton in the sum of $1,487.32 in the proportions above set out; (3) that the receiver be ordered to deduct from the share of appellant Ford G. Newton the said sum of $1,487.32 and distribute it in the proportions and amounts hereinabove set out, and that, if the distributive share of the said Ford G. Newton is not sufficient to pay said sum, the appellees have execution for any balance remaining unpaid; (4) "That in and from the net assets and proceeds of said receivership, the plaintiff, Jane Wyatt, is entitled on distribution thereof to a 6/36 part thereof, Franklin D. Wyatt, 4/36 part thereof, Myrtle M. Wyatt Hunt 4/36 part thereof, the defendant, Ica M. Newton, 4/36 part thereof and the defendant Ford Newton to one-half thereof;" (5) that appellees recover costs.

The appellants separately reserved their exceptions to the court's conclusions of law, and judgment was rendered thereon in accordance with and in the terms of the conclusions of law.

There are three questions presented by appellants, two by the appellant Ford G. Newton, and one by the appellant Ica M. Newton. These questions are presented separately in the brief of appellants' and will be noted in their order. The two questions presented by the appellant Ford G. Newton are: (1) That the court erred in its conclusions of law in requiring him to account to appellee for all salary received by him over and above the sum of $100 per month, which was provided in the written contract by E. J. Wyatt and appellant Ford G. Newton; (2) that he should not be required to account for the one-half of the $1,000 note which he paid out of the assets and moneys of the partnership. We shall consider these in their order.

On the proposition of the right of this appellant to take additional compensation from the partnership

without any specific agreement, we have examined all of appellant's authorities and his position cannot be sustained. He urges that because he had taken additional compensation in 1926 and thereafter until 1932, and had rendered statements to the appellee Jane Wyatt, and, these payments being made with knowledge of the other appellees, appellees are estopped to challenge this payment of salary, and the court erred in requiring him to account therefor. In the first place, the doctrine of estoppel will not apply. At most, it could be only an estoppel by silence. There is nothing in the special finding of facts to show that the appellee Jane Wyatt knew of her rights under the law as to whether appellant Ford G. Newton had the right to deduct these amounts from the profits and income of the partnership. *Allen et al.* v. *Powell* (1917), 65 Ind. App. 601, 614, 115 N. E. 96. We do not think that the facts set out in the special finding create such a condition that appellees would be estopped from requiring appellant to account for this extra salary. The court did allow appellant's charge of $100 per month salary, which was adopted in the written contract between him and E. J. Wyatt, deceased, and there is no evidence of any other salary agreement.

The second proposition, that this appellant need not account for the one half of the $1,000 note which he paid to appellee Jane Wyatt out of the proceeds of the firm, is not well taken. The negotiable instruments statute, which appellant cited, does not apply, nor does the doctrine of estoppel. This is not a suit to recover on the note from appellant, but is a suit for an accounting, and the law is well settled that a partner in control and managing the business must account to his partner for any sums wrongfully taken from the partnership account or charged thereto. This money was taken to pay an individual debt, and was

not a proper charge against the partnership. The court did not err in so concluding. *Hanna et al.* v. *McLaughlin et al.* (1902), 158 Ind. 292, 63 N. E. 475. The voluntary surrender of the possession of the note to Newton by Jane Wyatt did not destroy the right of appellees to require appellant Newton to account for any moneys of the partnership funds which he may have used to pay said note. The question of whether the note was intentionally cancelled or voluntarily surrendered would not bar the right to require an accounting by appellant for this amount. It would unduly extend this opinion to undertake to analyze all of the authorities cited by appellant to these two propositions. We have examined all of them, as well as others, and hold that the court did not err in its conclusions of law upon these two questions.

The third question has to do with the appellant Ica M. Newton, and involves the construction of that clause of the will previously set out. This appellant contends that, under the terms of the will, when the appellee Jane Wyatt remarried, she relinquished any rights she had in her husband's estate; that the clause in the will "for and during her natural life, or so long as she remains my widow" should be construed as a limitation of the estate of Jane Wyatt to the period during which she remained a widow; that these words constitute a limitation of her estate, and not a condition in restraint of marriage. Appellee Jane Wyatt contends that the language "or so long as she remains my widow" is an attempt to cut down her estate to that of less than a life estate, and is a bequest to a widow with a condition in restraint of marriage, and that said condition is void under Burns Ann. St. 1926, §3502, §7-704, Burns Ind. Stat. Ann. 1933, §3362, Baldwin's Ind. Ann. Stat. 1934.

Appellant cites the case of *Thompson* v. *Patten et al.*

(1917), 70 Ind. App. 490, 123 N. E. 705, in support of her contention. In that case, the provision in the will to the wife, Hannah Thompson, reads:

"I will, devise and bequeath all of my property real and personal to my wife Hannah Thompson to be and remain her absolute property as long as she remains my widow."

Then follows the provision to the effect that, should said widow remarry, all of the property would go to his children, share and share alike. The wills in the other cases cited by appellant have similar provisions to those in the Thompson case, *supra*. It will be observed that the provision in the will in the Thompson case is different than that in the instant case. In the Thompson case, the testator does not give to his wife a definite estate, and then attempt to impose a condition upon it by limiting the devise to her so long as she remains his widow, but gives her a limited estate during widowhood. In the instant case, testator devises a life estate to his wife; then, imposes a condition, which is in direct violation of the statute above cited. Supporting this proposition that the provision in this will is a condition in restraint of marriage, the following cases are in point: *Harmon et al.* v. *Brown et ux.* (1877), 58 Ind. 207; *Coon* v. *Bean et ux.* (1880), 69 Ind. 474, 476; *Summit* v. *Yount et al.* (1886), 109 Ind. 506, 9 N. E. 582. In the Harmon case, *supra*, the testator devised his property only during his wife's widowhood, and the court said:

"Doubtless, if the testator had devised to his widow an estate for life, or in fee, dependent upon the condition that she should not marry, the devise would have been good and the condition void; but such is not the case here. Here, as has been already said, the estate was limited to her during her widowhood. A man may devise property to his widow during her widowhood. He is not obliged to devise to her a larger estate, as for life or in fee,

in order to accomplish that purpose. But if he desires to devise a larger estate, as for life or in fee, and so expresses himself in his will, but makes it dependent upon the condition that she should not marry, the condition will be regarded as in terrorem and void. Such condition will not cut down an estate to a period less than that to which it is limited."

A case like the instant case and containing the identical language in the will is that of *Coon* v. *Bean, supra,* in which the testator gave to his wife a farm "during her natural life, or so long as she may remain my widow." In passing upon this bequest, the court said:

"We have no doubt that she took a life-estate. Her subsequent marriage, therefore, did not terminate the estate vested in her. It is very clear that the testator intended that she should have a life-estate unless she should marry again. By the will a life-estate is first given, and then this is attempted to be conditionally cut down, in the same sentence, by the alternative words 'or so long as she may remain my widow.' If he had given her the estate simply as long as she might remain his widow, the case would have been like that of *Harmon* v. *Brown,* 58 Ind. 207. But the principles settled in that case clearly established the proposition, that, having first given her the life-estate, the testator could not cut it down by a condition in restraint of marriage. The condition may not be expressed in terms in the will, but is contained in it as fully as if the language had been 'during her natural life, provided she shall not again marry.' "

The case of *Summit* v. *Yount, supra,* and cases there cited, follow the doctrine laid down in the *Coon* v. *Bean* case, *supra.*

We hold that the language employed in the will in the instant case did not destroy the life-estate of the widow Jane Wyatt, appellee herein, in her deceased husband's property; that the language "or so long as she remains my widow" is a condition in restraint of marriage, and

void under the statute, and that the devise of the life-estate stands.

A peculiar situation arises in that the court, in its conclusions of law, held that the widow Jane Wyatt, who had not elected to take under the law, was entitled to 1/3 of her husband's property; and ordered the partnership property distributed upon that basis, and the balance to be distributed to the three children of said E. J. Wyatt, deceased, one of which is the appellant Ica Wyatt Newton. The error committed by the court in the conclusions of law on this proposition is not against appellant Ica M. Newton, but in her favor, and against appellee, Jane Wyatt. Under the law, Jane Wyatt, widow of E. J. Wyatt, deceased, is entitled to a life-estate in all of the property of said E. J. Wyatt, deceased, which, of course, includes the one half interest in the partnership property; in fact, the will provides that no distribution shall be made to the children until the death of said Jane Wyatt. There is no reversible error as to either of the appellants. The error committed against appellee Jane Wyatt has not been presented by any cross-assignment of error, so this court is powerless to give her any relief in this proceeding. Counsel, in appellees' brief, says:

"We again insist that the error, if any, was committed against appellee Jane Wyatt for the reason that she should have been awarded by the conclusions of law 18/36 or one half of the net assets to be distributed by the receiver of the partnership property. We, therefore, insist that the judgment and decree of the court be in all things affirmed as against both appellants and that this court should order the trial court to so restate its second, third and fourth conclusions of law so as to award to the appellee Jane Wyatt 18/36 part of all the net assets of the Wyatt partnership."

This undoubtedly is true as to the interest of Jane Wyatt in the property, but the difficulty with the propo-

sition is that the appellee did not assign any cross error, so this court could not reverse the case as to appellee Jane Wyatt, and order a restatement of the conclusions of law as suggested by her counsel. If this appellee wanted this relief, her remedy was to have assigned and filed cross-error, which she did not do. Although it may work a hardship upon her and deprive her of her rightful interest in the partnership property, this court cannot give such relief without the question being properly raised and presented by appellee.

Judgment affirmed.