In The Unsupervised ESTATE of Julianna Sharp ROBERTSON.

James Nye, Appellant–Petitioner,

v.

Lynn D. Robertson, Appellee–Respondent.

No. 52A05–0604–CV–190.

Court of Appeals of Indiana.

Jan. 12, 2007.

David W. Stone IV, Stone Law Office, Anderson, IN, Attorney for Appellant.

Robert A. Spahr, Timothy P. Spahr, Peru, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant–Petitioner, James Nye, challenges the trial court's order invalidating a testamentary trust provision in his mother's will as an illegal restraint of marriage and awarding his step-father, Appellee

Lynn Robertson, a life-estate in the real estate at issue. Upon appeal, Nye argues that the trial court's invalidation of the provision and award of a life estate to Robertson was an error of law.

We affirm.

Julianna Robertson, who was the mother of James Nye, Bret Nye, and Melissa Nye, and who was married to Lynn Robertson at the time of her January 10, 2002 death, left a will with the following provision:

### "ITEM FOUR

I hereby give and devise my real estate ... more commonly known as 320 Blair Pike, Peru, Indiana, IN TRUST to James Lewis Nye, as Trustee, for the following uses and purposes, to-wit:

a) The Trustee shall allow my husband, Lynn D. Robertson, if he survives me, to continue to live at said real estate as if he had been devised a life estate in said real estate, or until he remarries or allows any female companion to live with him who is not a blood relative. I direct my husband to pay all charges which are incident to maintaining such property, including without limitation, all assessments, insurance premiums, taxes, and ordinary repairs. If my husband shall fail to pay any of such charges, then any one or more of my children (the Remaindermen) may pay the charges. In the latter event, such child or children shall have a lien against such property in the amount so expended.

b) Upon the death of my husband, or upon any prior termination of his interest, I devise said real estate to my children, James Louis Nye, Bret Alan Nye, and Melissa Ann Nye, equally, as vested Remaindermen, and this Trust shall terminate." App. at 5.

Julianna and Lynn Robertson were living at 320 Blair Pike at the time of Julianna's death. The residence was in Julianna's name only. Lynn Robertson subsequently remarried following Julianna's death.

On December 23, 2004, Lynn Robertson filed with the court a petition for probate of Julianna's will and for issuance of letters testamentary for the unsupervised administration of her estate. Following a January 4, 2005 hearing, the court admitted a copy of the will to probate, opened an Unsupervised Estate Administration, ordered that the original will be filed with the clerk, and appointed James Nye as executor.

On April 11, 2005, pursuant to James Nye's petition, the court ordered an appraisal of the property at 320 Blair Pike.[1] On August 26, 2005, James Nye, as executor,[2] filed a Petition to Determine Heirs and Disposition of Residential Property with Notice of Hearing for November 9, 2005. Following a November 9[3] hearing on such petition, the court issued a January 26, 2006 order finding that the will gave Lynn Robertson a life estate in the property at 320 Blair Pike and that the provision limiting his rights to such property upon the basis that he not remarry was an invalid condition in restraint of marriage. The court therefore voided the condition and found Robertson to be the owner of a life estate in the property pur-

---

**1.** This appraisal was completed and filed with the court on May 13, 2005, but was not included in the record.

**2.** The will appoints James Nye as "executor." The chronological case summary identifies Nye as the "personal representative." The court uses these terms interchangeably. For the sake of consistency, we refer to James Nye as "executor."

**3.** The transcript indicates, contrary to the chronological case summary, that the hearing took place on November 11.

suant to Indiana Code § 29–1–6–3 (Burns Code Ed. Repl.2000).

■ Upon appeal, executor James Nye argues that the court's order was an error of law. In evaluating his claim, we note that the interpretation, legal effect, or construction of a will is a question we determine as a matter of law. *Kelly v. Estate of Johnson,* 788 N.E.2d 933, 935 (Ind.Ct.App. 2003), *trans. denied.* As a consequence, we give no deference to the trial court's decision and review the question de novo. *Id.*

Nye first argues that the trial court's invalidation of the provision in Julianna's will placing the property at 320 Blair Pike in trust for her husband only "until he remarries or allows any female companion to live with him who is not a blood relative" is erroneous because it invalidates not only the condition of marriage, but also the condition of cohabitation, which Nye argues is not included within the statutory prohibition invalidating restraints of marriage under I.C. § 29–1–6–3. We first observe that, contrary to Nye's claim, the trial court found only that, "The clause limiting future marriage by Lynn Robertson [was] void as a violation of the Restraint of Marriage Statute." App. at 47. We further observe that the record reveals that Robertson remarried but states nothing regarding whether or not he cohabited with a female companion who was not a blood relative. Further still, because the record demonstrates that Robertson did in fact remarry, and the trial court ruled with respect to the re-marriage provision only, we find it unnecessary to determine whether the condition of cohabitation similarly violates the prohibition against restraint of marriage under I.C. § 29–1–6–3. Accordingly, we decline to address this argument.

■ Nye's second argument is that the prohibition against restraint of marriage applies only to wills, not to testamentary trusts, and because Robertson received rights to the property at issue as a beneficiary of a trust, not as a devisee, I.C. § 29–1–6–3, which addresses a "*devise* to a spouse with a condition in restraint of marriage," does not invalidate that restraint-of-marriage condition.[4] (Emphasis supplied).

■ We recognize that I.C. § 29–1–6–3 specifically addresses only "devises" to spouses. However, the prohibition of conditions in restraint of marriage as a general matter is not restricted to testamentary transfers. Indeed, such conditions arising in contracts are also void as a matter of public policy. *Stauffer v. Kessler,* 81 Ind. App. 436, 438, 130 N.E. 651, 652 (1921) ("It is, of course, a well-settled general rule of law that contracts in restraint of marriage, being against public policy, are void.") As even Nye explains in his brief, it is a matter of public policy for society to protect the institution of marriage:

> "The family is a basic social unit. As marriage is society's method of initiating a family relationship, the social consequences that would follow a successful endeavor to restrain the entering into that relationship justify strict regulation of such attempts." 10 POWELL ON REAL PROPERTY § 78.02[1] at 78–6 (2005).

We fail to see how such public policy does not suffer similar detriment when the restraint of marriage is contained in a testamentary trust. We have previously stated, with specific reference to trust instruments, that we will give effect to the settlor's intent if it is clear from the plain language of the instrument and *not*

---

4. As Nye points out, Indiana Code § 29–1–1–3 (Burns Code Ed. Supp.2006) defines "devise" as "a testamentary disposition of either real or personal property or both."

*against public policy. Goodwine v. Goodwine*, 819 N.E.2d 824, 829 (Ind.Ct.App. 2004) (emphasis supplied). In light of the public policy against restraints of marriage in devises and in contracts and having concluded that there is no distinction as to how such public policy would be affected by restraints of marriage in trusts, together with our disinclination to carry out a settlor's intent if such intent is against public policy, we conclude that restraints of marriage arising in testamentary trusts are similarly void as against public policy.[5]

■ Nye's third and final argument is that the disputed provision in the will making Robertson trust beneficiary of 320 Blair Pike "until he remarries ..." is a valid limitation rather than an invalid condition. Nye cites to *Hibbits v. Jack*, 97 Ind. 570 (1884); *Summit v. Yount*, 109 Ind. 506, 9 N.E. 582 (1886); *Thompson v. Patten*, 70 Ind.App. 490, 123 N.E. 705 (1919); and *Stauffer v. Kessler*, 81 Ind. App. 436, 130 N.E. 651 (1921) in support of this proposition.

In *Hibbits*, 97 Ind. at 571, 577, the Indiana Supreme Court held that a devise of lands to the testator's wife "so long as she shall remain my widow" did not contain a condition in restraint of marriage, but rather a mere limitation. Prior to arriving at this holding, the court discussed the differences between conditions in restraint of marriage, which are void, and mere limitations, which are not void:

" 'The only general rule, perhaps, in determining whether words are words of condition or of limitation, is that, where they circumscribe the continuance of the estate, and mark the period which is to determine it, they are words of limitation; when they render the estate liable

to be defeated, in case the event expressed should arise before the determination of the estate, they are words of condition.' " *Hibbits*, 97 Ind. at 575 (quoting 2 WASHBURN ON REAL PROPERTY (4th Ed.) § 28, p. 25).

In *Summit*, 109 Ind. at 507, 509, 9 N.E. at 583–84, the Supreme Court concluded that a devise in which the husband willed to his wife "all [his] estate, both real and personal, so long as she remain[ed][his] widow," involved words of limitation, not words of condition which would have been treated as a void restraint of marriage. In arriving at this conclusion, the court considered the following:

" 'Words of limitation mark the period which is to determine the estate; but words of condition render the estate liable to be defeated in the intermediate time, if the event expressed in the condition arises before the determination of the estate, or completion of the period described by the limitation. The one specifies the utmost time of continuance, and the other marks some event, which, if it takes place in the course of that time, will defeat the estate.' " *Summit*, 109 Ind. at 508–09, 9 N.E. at 583 (quoting 4 Kent Com. 126).

In reliance upon *Hibbits* and *Summit*, the court held in *Thompson*, 70 Ind.App. at 491–93, 123 N.E. at 705–06, that, with respect to a devise of land to the testator's wife "to be and remain her absolute property as long as she remains my widow," such provision was a limitation, not a condition in restraint of marriage.

Subsequently, in *Stauffer*, 81 Ind.App. at 437, 130 N.E. at 652, the court again addressed the validity of a provision which

---

**5.** In support of our broad interpretation of the prohibition of conditions in restraint of marriage as against public policy, we recognize our recent decision in *In re Estate of Owen*,

855 N.E.2d 603, 611–12 (Ind.Ct.App.2006), in which we noted that a testamentary provision which tends to encourage the beneficiary to divorce is void as against public policy.

stated that the defendant was to receive "real estate for and during the term of natural life; provided, however, that if the said [defendant], who is now a widower, shall marry, then such marriage shall terminate this estate." Although the court found the provision was valid upon the apparent basis that the condition was contained in a deed of conveyance rather than in a will, all parties in that case conceded that the relevant provision was a condition rather than a limitation. 81 Ind.App. at 438–39, 130 N.E. at 652.

■ The above cases cited by Nye in support of his argument instead dictate the contrary conclusion that the provision making Robertson trust beneficiary of 320 Blair Pike "as if he had been devised a life estate in said real estate, or until he remarries" is an invalid condition in restraint of marriage rather than any sort of valid limitation. The above cases demonstrate that the determination of whether a provision in restraint of marriage is a void condition or a valid limitation turns upon the term such provision intends to cover. In *Hibbits, Summit,* and *Thompson,* the provisions granting property rights for the period of time "as/so long as she remains my widow" were construed to be valid limitations because they were the only available reference point for purposes of determining the length of time such property rights were intended by the testator to last. Such limitations served as "measuring sticks," signaling the period of time the testator intended for the rights to last, rather than as conditions which could operate to divest a beneficiary of property upon the happening of some subsequent event.

Here, as in *Stauffer,* where the parties agreed the provision at issue was a condition, the "measuring stick" for Robertson's right to 320 Blair Pike was not such period of time until he remarried or cohabited with a female companion, but instead was his lifetime. In providing for Robertson, as beneficiary of her testamentary trust, to continue to live at 320 Blair Pike *"as if he had been devised a life estate,"* it is apparent that Julianna intended Robertson's tenure at 320 Blair Pike to last the entirety of his life, and that such tenure would subsequently be cut short if he were to remarry. App. at 5 (emphasis supplied). Such provision is therefore a void condition in restraint of marriage, not a valid limitation upon the term of the devise. *See Coon v. Bean,* 69 Ind. 474, 476 (1880) (holding, in case where testator devised land to widow during [widow's] natural life, or so long as she remained his widow that "having first given [widow] the life estate, the testator could not cut it down by a condition in restraint of marriage"); *Newton v. Wyatt,* 98 Ind.App. 177, 185–88, 188 N.E. 697, 700–01 (1934) (holding, in case where testator devised land to widow "for and during her natural life, or so long as she remains my widow," that widow was given valid life estate, and the subsequent condition on such life estate was a void condition in restraint of marriage).

■ We recognize that the dissent sees our analysis to be an exercise in form over substance. But, contrary to the dissent's position, the case law supports a fundamental distinction between the conception of conditions and limitations. In *Harmon v. Brown,* 58 Ind. 207, 210 (1877), our Supreme Court referred to 4 Kent Com. 126 in emphasizing this distinction: limitations, which specify the " 'utmost time of continuance,' " mark the period of time which is to determine the estate; conditions, in contrast, render the estate liable to be defeated and mark the event which will defeat the estate.[6] *See also Summit,*

6. As further demonstration of the difference between conditions and limitations, we note

109 Ind. at 508–09, 9 N.E. at 583; *Hibbits*, 97 Ind. at 575. Having drawn such a distinction, our court and the Supreme Court have determined that a testator may not devise a life estate and then "cut it down" by a condition in restraint of marriage. *See Coon*, 69 Ind. at 476; *Newton*, 98 Ind.App. at 186–87, 188 N.E. at 701. But, also in light of this distinction, if the language in the will merely serves as a limitation of time, it is necessarily not a void condition in restraint of marriage. *Coon*, 69 Ind. at 476; *Newton*, 98 Ind.App. at 186–87, 188 N.E. at 701 (citing *Harmon*, 58 Ind. at 210–11). The determination that Robertson received a life estate is therefore part and parcel of the "condition/limitation" analysis, and upon determining Robertson received a life estate, we must necessarily conclude, given the above case law, that any language in restraint of marriage is a void condition. In the "restraint of marriage" analysis, a limitation is a carved-out exception, not an alternative, to a void condition, and if language is construed to be a mere limitation, it is necessarily not in restraint of marriage. Under this conception, which has long been recognized by the courts, the "condition" language, which is necessarily void, creates a much different result than "limitation" language, which maintains its effect. Furthermore, because the phrase at issue here conveying property as if it were a life estate clearly constitutes a void condition, not a valid limitation, it seems unnecessary to reach the question of whether

limitation language would similarly be against public policy.

◼ Having found that the testamentary trust provision at issue making Robertson lifetime beneficiary of 320 Blair Pike "until he remarries" to be a void condition in restraint of marriage, we affirm the trial court's order voiding this condition. Accordingly, we conclude, as the trial court did, that Robertson maintains a life interest in the property at 320 Blair Pike subject to the remaining terms of the testamentary trust.[7]

The judgment of the trial court is affirmed.

BARNES, J., concurs.

ROBB, J., dissents with opinion.

ROBB, Judge, dissenting.

I dissent because the majority's analysis of Nye's third argument appears to elevate form over substance, which goes against Indiana's record of decrying legal arguments that do so in various contexts. *See, e.g., State ex rel. Attorney Gen. v. Lake Superior Court*, 820 N.E.2d 1240, 1252 (Ind.2005) (Indiana Supreme Court explains it was "unwilling to fortify the armory of those who attack the law as famous for its ability to elevate form over substance" in a matter regarding assessment of county property taxes); *Azania v. State*, 730 N.E.2d 646, 649 (Ind.2000) (declining to elevate form over substance of argument that death penalty was based on

that unlike limitations, which inherently mark the duration of the estate, conditions mark an event which renders the estate liable to defeat if the grantor or his heirs or assigns take advantage of the breach of the condition and make an entry or claim in order to avoid the estate. *Hibbits*, 97 Ind. at 574. Without such entry or claim, the law permits the estate to endure beyond the time when such condition occurs. *Id.; see* 28 AM.JUR. 2D *Estates* § 163, pp. 190–91 (2000).

7. The trial court's order, upon finding a condition in restraint of marriage, determined Robertson was the "owner of a life estate." App. at 48. Although the testamentary trust condition in restraint of marriage is void, the trust remains valid. We note that Robertson testified he has paid necessary taxes in compliance with the terms of the trust.

invalid indictment); *Eddy v. State,* 496 N.E.2d 24, 28 (Ind.1986) (declining to elevate form over substance by interpreting the statutory definition of felony murder as requiring the commission of the homicide before the elements of robbery are met); *Kocher v. Getz,* 844 N.E.2d 1026, 1031 (Ind.Ct.App.2006) (refusing to elevate form over substance on a question of standing); *Nienaber v. Marriage of Nienaber,* 787 N.E.2d 450, 456 (Ind.Ct.App. 2003) (refusing to elevate form over substance with respect to the use of the term "circumstance" rather than "factor" for purposes of custody modification); *Key v. State,* 651 N.E.2d 1190, 1192 (Ind.Ct.App. 1995) (refusing to elevate form over substance in determining that evidence obtained from breath test could be admitted); *Brenneman Mechanical & Elec., Inc. v. First Nat. Bank of Logansport,* 495 N.E.2d 233, 241–42 (Ind.Ct.App.1986) (refusing to elevate form over substance in question of renewal of pre-existing debt where bank was conferred lien priority); *Glennar Mercury–Lincoln, Inc. v. Riley,* 167 Ind.App. 144, 154, 338 N.E.2d 670, 676 (1975) (refusing to elevate form over substance where service of process was sufficient to satisfy due process and obtain *in personam* jurisdiction).

I acknowledge Indiana's recognition of the difference between conditions and limitations, as well as the importance of classifying language in an instrument transferring property as either a limitation, marking the period that determines an estate, or a condition, rendering an estate liable to defeat. However, the distinction is only drawn where it is logical to do so, which is not presently the case. Here, the clause "or until he remarries" is a restraint of marriage, and void in light of public policy against such restraints. Regardless of how the instrument is worded, or whether the restrictive language is classified as a condition or a limitation, Lynn gets only a life estate. The language of the bequest allowing Lynn "to Continue to live at said real estate as if he had been devised a life estate in said real estate, or until he remarries" makes it clear he does not receive an interest in fee simple. Brief of Appellant at 2. No matter whether he receives a life estate unless he remarries (void as a condition), or whether he may live on the property so long as he does not remarry (a permitted limitation), the "measuring stick" is the life of Lynn, and in either case his interest in the property is shortened by remarriage. Thus, either language produces the same result.

Clearly then, under the present circumstances, it should make no difference whether this language is classified as a condition or a limitation because the substance of the clause acts as a restraint of marriage. In other words, the intent behind the use of such a clause—whether to penalize remarriage or to demarcate the period of time an estate shall exist—cannot alter the consequential disincentive to remarry. Under the present circumstances, either both versions of the provision are a restraint on marriage, or neither one is. But having two interpretations here, one considered acceptable and the other invalid, makes no sense.